## Wust *v.* Erie City Iron Works, Appellant.

*Negligence—Master and servant—Fellow workman—Contributory negligence.*

It is not contributory negligence for a person employed as a blacksmith knowingly to continue work with an incompetent helper, if he has been assured by the foreman over him, who had authority to engage and discharge blacksmiths, etc., that a suitable person would be employed in the place of the helper as soon as such a person could be obtained.

*Vice principal—Notice to foreman, when notice to master—Question for jury.*

Where the evidence shows that plaintiff's foreman had authority to employ and discharge men and, up to a certain point, fix their compensation, although there was a superintendent over the foreman, and the business was conducted by a partnership, the question is for the jury, whether or not the foreman was so far a vice principal as to render notice to him of the incompetency of a fellow workman notice to the principals.

*Practice, S. C.—Appeal—Assignment of error—Form of.*

Where the error assigned is the admission of certain evidence, and the assignment of error only gives the question objected to and ruling of the court, it will not be considered.

*Practice, C. P.—Trial—Point assuming facts.*

A point which assumes facts which are for the consideration of the jury should not be affirmed.

Argued April 27, 1892.   Appeal, No. 373, Jan. T., 1892, by defendant, from judgment of C. P. Erie Co., Feb. T., 1889, No. 23, on verdict for plaintiff, Frank Wust.   Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Trespass for personal injuries.

On the trial, before GUNNISON, P. J., it appeared that the plaintiff, on July 18, 1883, was working as a blacksmith for the defendants, who were a partnership with three members ; and, while smoothing a piece of iron with the use of a flatter, assisted by Brandt as a striker, a chip of iron from the flatter struck the plaintiff in his left eye, destroying the same.   Brandt was without the two front fingers on the left hand.   Brandt, who was a witness for the plaintiff, testified that he had worked as a blacksmith's helper for more than a year before the accident.   The defendants employed a superintendent, who was over the foremen, of whom Frank Quinn was one.

Defendants' 3d point, and the answer of the court thereto, were as follows :

" That the evidence in this case does not show that the helper was incapacitated to work, and that such incapacity was the approximate cause of the injury, and therefore the verdict must be for the defendants.   *Answer :* This instruction is refused ; the question is purely a question of fact for the jury to determine." [1]

Defendants' 7th point, refused, was : " That the plaintiff, having voluntarily continued to work with the helper after knowing fully his physical condition, he cannot recover, and the verdict must be for the defendants." [2]

Defendants' fifth and eighth points, refused, are given in the opinion of the Supreme Court. [3, 4]

*Errors assigned* were (1–4) the refusal of the defendants' 3d, 7th, 5th and 8th points, quoting them ; (5, 6) the admission of certain testimony.   The last two specifications were substantially identical in form.   The 6th specification was as follows : " The court erred in permitting John Streuber, a witness for the plaintiff, to give his opinion as to the effect of the loss of the helper's two front fingers, as follows :

" Question put to the witness by counsel for plaintiff: Q. What effect would the loss of the two front fingers have, in your opinion, upon the person working as a helper of the blacksmith? Objected to as incompetent. Overruled, evidence admitted, and bill sealed Dec. 18, 1891."

*George A. Allen*, with him *S. S. Spencer*, for appellant.—The rule which allows a workman to continue work with a piece of defective machinery, not obviously or immediately dangerous, after notice to his employer and a promise to remedy the defect, does not apply in the case of an incompetent fellow workman with a physical disability for the work, of whom complaint has been made and a promise given to employ a suitable person; as, in such a case, the danger is *immediate.*

*S. M. Brainerd*, for appellee.

PER CURIAM, May 23, 1892.

The small amount of law contained in the defendants' 3d point was so interwoven with questions of fact that the learned judge below could not have affirmed it without infringing upon the province of the jury.

If we treat the defendants' 7th point as an abstract proposition of law, and assume the facts therein to be correct, it might safely have been affirmed. Unfortunately for the point, it does not deal accurately with the facts of the case. While it may be conceded that the plaintiff voluntarily continued to work with the helper after knowing the physical condition of the latter, yet there was evidence that he had, upon one or more occasions, complained to the foreman of the physical condition of said helper, and informed him that he was incompetent to do his work; that he had been assured by the foreman that another person should be employed in his place as soon as a suitable person could be obtained. Under such circumstances, we do not think the plaintiff can be charged with contributory negligence in continuing to work with his helper until his place could be supplied.

The defendants' 5th point asked the court to instruct the jury that Frank Quinn, the foreman of the machine and blacksmith shop, had not such a complete delegated authority over that department as rendered the said foreman a vice principal, and that notice to the said foreman was not notice to the principals.

The court declined to affirm this point.

. The extent of the authority of Quinn over those employed under him depended upon the evidence, and the evidence was for the jury. It is manifest that he was something more than a mere foreman. He had power to employ the men in his shop and discharge them without accountability to anyone. In point of fact, he hired the plaintiff and the helper, Mr. Brandt, and discharged the latter about fifteen minutes after the accident occurred. Not only had he authority to hire men and discharge them, but, up to a certain point, he had authority to fix their compensation. Without going into further detail, we think there was sufficient evidence to justify the conclusion that Quinn had sufficient control of the business to make the notice to him notice to the company.

The defendants' 8th point prayed for a binding instruction in favor of the defendant. We think the point was properly refused, as the case was one for the jury.

The 5th and 6th specifications allege that the court below erred in the admission of certain testimony. As neither is properly assigned, the specifications referred to will not be con-sidered.

Judgment affirmed.