# Robert Hughes *v.* Baltimore & Ohio R. R., Appellant.

*Negligence—Railroads—Fellow servants—Notice of incompetency of servant—Conductor and flagman.*

In an action by a conductor against his employer, a railroad company, to recover damages for personal injuries, it is proper to submit the case to the jury where there is evidence that the accident was caused by the negligence of a flagman who was habitually careless, and whose unfitness for the position was known to the company long enough before the accident to enable it to procure some one to take his place.

Argued May 8, 1894. Appeal, No. 189, July T., 1893, by defendant, from judgment of C. P. Fayette Co., Sept. T., 1891, No. 84, on verdict for plaintiff. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before EWING, P. J.

At the trial it appeared that, on Monday, Dec. 15, 1890, plaintiff, who was freight conductor in the employ of defendant, was injured by engine No. 152 running into a train of nine freight cars, plaintiff being on the engine at the time. The evidence for plaintiff tended to show that the accident was caused by the failure of James Crawford, a flagman, to place a light in front of the cars to signal the engine which was approaching to move them. Testimony was offered on behalf of plaintiff to show that Crawford was habitually careless.

Plaintiff testified that at the time of the accident J. M. Smith was dispatcher of the Fayette County Branch, having charge of the crews, ordering of cars, etc.; that on Saturday morning, Dec. 13th, plaintiff had notified Dispatcher Smith of Crawford's incompetency, saying, inter alia, " If you don't take that man Crawford off, he'll kill the whole crew," and that Smith then and there promised that he would give him a good, competent man; that on the same evening he received a telegram from J. M. Smith, saying: " Conductor Hughes: I could not get the brakeman for you to-night. Will do so Monday unless Crawford does better ; " that he had numerous orders showing that Smith had the running of the trains on the Fayette County Branch. J. W. Smiley testified that J. M. Smith was yardmaster for the Fayette County Branch; that Smith employed him

and flagman James Crawford; that on the morning of Dec. 13th he heard the conversation between Conductor Hughes and Dispatcher Smith at Dunbar as detailed by Hughes; that he heard Hughes tell Smith to take Crawford off or he would cripple or kill the whole crew, and that Smith told him if he could get along with him for a couple of nights he would try and get another man. W. A. Keffer, another witness, testified that he heard Hughes tell Smith that "if you do not take this man Crawford off he is going to kill a whole crew sometime," and that Smith said, "Hughes, I'll take him off and give you a good, competent man in his place."

Defendant's request for binding instruction was refused.

Verdict and judgment for plaintiff for $2,823.

*Error assigned* was instruction, quoting it.

*Robert E. Umbel*, for appellant.—Negligence such as unfits a person for service or such as renders it negligent in a master to retain him in his employ must be habitual, rather than occasional; and must be such that a prudent man knowing the facts would not have retained the servant in his employ: Frazier v. R. R., 38 Pa. 104; Moss v. R. R., 8 Am. Rep. 126: Davis v. R. R., 20 Mich. 105; Edwards v. Ry., 4 Cl. & F. 530; Gilman v. Eastern R. R., 10 Allen, 233.

Defendant is only required to use reasonable diligence in the selection of competent servants and when it has done that its duty to the servant is performed: Ryan v. R. R., 23 Pa. 384; Caldwell v. Brown, 53 Pa. 453; Honor v. Albrighton, 93 Pa. 475; Wonder v. Balto. etc. R. R., 32 Md. 411; Wright v. R. R., 25 N. Y. 562.

*D. W. McDonald, R. H. Lindsey* and *Geo. B. Jeffries* with him, for appellee.—Dispatcher Smith was a vice principal: Patterson v. R. R., 76 Pa. 389; Mullan v. Steamship Co., 78 Pa. 25; Coal Co. v. Jones, 86 Pa. 439; R. R. v. Bell, 112 Pa. 400; Frazier v. R. R., 38 Pa. 111; Trainor v. R. R., 137 Pa. 160; Ross v. Walker, 139 Pa. 49; Lewis v. Seifert, 116 Pa. 628.

Where the master, on being notified by the servant of defects that render the service he is engaged to perform more hazardous, expressly promises to make the needed repairs, the

servant may continue in the employment a reasonable time tc permit the performance of a promise in that regard, without being guilty of negligence : Missouri Furnace Co. v. Abend, 107 Ill. 44 ; Greene v. Ry., 31 Minn. 248 ; Hough v. R.'R., 100 U. S. 213 ; Mfg. Co. v. Morrissey, 40 Ohio St. 148 ; Laning v. Ry., 49 N. Y. 521 ; Patterson v. Ry., 76 Pa. 389 ; Brownfield v. Hughes, 128 Pa. 194 ; Wust v. Iron Works, 149 Pa. 263 ; Madara v. Steel Co., 160 Pa. 109.

It does not follow that, because the evidence on one side may be overwhelming in the opinion of the trial judge, the case can be withdrawn from the jury. If there is a conflict of evidence it must go to the jury unless the evidence on one side amounts but to a scintilla : Holland v. Kindregan, 155 Pa. 156 ; Smith v. R. R., 158 Pa. 82 ; Chilton v. Carbondale, 160 Pa. 463 ; McGill v. Ry., 152 Pa. 331 ; R. R. v. Barnett, 59 Pa. 259 ; Ry. v. Weber, 76 Pa. 157.

OPINION BY MR. JUSTICE FELL, Oct. 1, 1894 :

The plaintiff was a freight conductor on the defendant's road, and was injured in a collision alleged to have been caused by the negligence of a flagman who was habitually careless, and of whose incompetence the defendant had notice. The flagman whose conduct was complained of was one of the crew of the plaintiff's train, under his charge and subject to his orders, and notice of his incompetence had been given to the defendant but a short time before the accident. The plaintiff's road to a verdict was therefore a very narrow one, and its lines were clearly defined in a charge which fully and accurately stated the law, not in mere abstract propositions, but with reference to the testimony so that it could be understood by the jury.

The only question now to be considered is whether the case should have been taken from the jury, and we are of opinion that the learned judge was right in submitting it with the instructions which were given.

There was testimony from which the jury might have found that the plaintiff was injured without fault on his part, and wholly because of the neglect of the flagman ; that the flagman was habitually careless, and his unfitness for the position was known to the defendant long enough before the accident to enable it to procure some one else to take his place. The jury

may not have reached the proper conclusion, but the case could not have been withdrawn from them, and if the verdict was wrong on the weight of the testimony the remedy was with the learned judge who conducted the trial. He was not asked to grant a new trial, as the rule for that purpose, doubtless for prudential reasons because of the smallness of the verdict, was withdrawn.

The judgment is affirmed.