218    323
36 SC  388

# Tucker v. American Car & Foundry Company, Appellant.

*Negligence—Master and servant—Employment of incompetent fellow servant.*

An employer is bound to use ordinary care, in the selection of his employees, and if he neglects to do so, or if he retains them after he becomes aware of their unfitness or incompetency, he. is answerable to his servant for his negligence in this respect.

*Practice, C. P.—Trial—Charge—Insufficient instructions.*

The mere omission to say to the jury what might have been properly said, cannot be treated as reversible error when no points were submitted to the court below asking for specific instructions, and it does not appear that any injustice was done to the parties by the omission, or that the charge was clearly erroneous.

Argued April 18, 1907.   Appeal, No. 133, Jan. T., 1907, by defendant, from judgment of C. P. Columbia Co., Dec. T., 1904, No. 187, on verdict for plaintiff in case of Mary A. Tucker v. The American Car & Foundry Company.   Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband.   Before EVANS, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $6,000.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Fred Ikeler* and *John Hampton Barnes*, with them *James Scarlet*, for appellant.—The defendant was not negligent in retaining in its employment an incompetent crane operator: Wust v. Erie City Iron Works, 149 Pa. 263 ; Kroy v. Chicago, Rock Island & Pacific R. R. Co., 32 Iowa, 357.

*O. C. Bowers*, with him *Grant Herring* and *J. Gilmore Fletcher*, for appellee.—The plaintiff's husband, under the evi-

dence in this case, was not guilty of contributory negligence in remaining at work after he learned of the craneman's incompetency and negligence: Huntingdon & Broad Top R. R. Co. v. Decker, 84 Pa. 419; Hughes v. B. & O. R. R. Co., 164 Pa. 178; Wust v. Erie City Iron Works, 149 Pa. 263; Patterson v. P. & C. R. R. Co., 76 Pa. 389; Webster v. Coal & Coke Co., 201 Pa. 278.

The mere omission to say what might have been properly said is no just ground of complaint by a party who submitted no points to the court: Reeves v. D., L. & W. R. R. Co., 30 Pa. 454; Com. v. Boschino, 176 Pa. 103; Connor v. Traction Co., 173 Pa. 602; R. R. & Mining Co. v. Auten, 188 Pa. 568; Worden v. Connell, 196 Pa. 281; Harding & Dubois v. Lloyd, 3 Pa. Superior Ct. 293.

OPINION BY MR. JUSTICE ELKIN, May 20, 1907:

In the statement of claim the appellant company is charged with negligence of a fourfold nature; that is to say, in failing to furnish a safe place to work, providing an unsafe and insecure section of hose for an air hoist, in employing an incompetent and unskilled crane operator, and in adopting an unsafe and unusual method of assembling parts for the purpose of constructing a car.

In determining the decisive question raised by this appeal, it is only necessary to consider the allegation that appellant was negligent in employing an incompetent and unskilled crane operator. The appellant concedes that the injury was occasioned through the negligence of the crane operator, but insists that it is not liable for damages in this case because the crane operator was a fellow servant of Tucker, the deceased husband of appellee, and that under the familiar rule the master is not liable in damages caused by the negligence of a fellow servant. The evidence clearly established the fact that the crane operator was incompetent and grossly negligent and that Tucker knew of his incompetency. It is also in evidence that Henry, who was general foreman of erection and construction at the works where the accident occurred, knew that the crane operator was incompetent, for it is so stated in his testimony. He knew this fact not only from his own observation as foreman, but from frequent complaints made to him

by other employees. It is also in evidence that a few days prior to the accident Tucker complained to the general foreman about the incompetency of the crane operator, saying that " he did not consider him a safe man to work," whereupon the foreman promised him, Tucker, that he, the foreman, " would try and get a new craneman." Acting upon these complaints the foreman testified " I had him (the crane operator) taken down out of his crane," and put another man in his place. He reported these facts to the boss machinist who had charge of the crane at night. The boss machinist then sent the incompetent crane operator to report to Stevenson, the master mechanic, who was the representative of the company in general charge of the works located at Berwick, and who, after full knowledge of all the facts, put the incompetent operator back in his crane, although he had been informed that Henry, the general foreman, had taken him out the night before. The accident happened the night on which Stevenson sent the crane operator back to work. It is upon this state of facts that the appellant relies to assert the rule that if a servant continues to work with a knowledge of defective conditions, either of men or machinery, he is guilty of contributory negligence by remaining at work after he has knowledge of the incompetency of the fellow servant or of the defective machinery. As a general rule, this is a correct statement of the law, but in our opinion, it has no application to the facts of the present case. Tucker did what any prudent and careful employee would be required to do when he reported the incompetency of the crane operator to the general foreman, and when he received the promise that an effort would be made to secure a new craneman, and with knowledge of the fact that the incompetent craneman had been removed, he was justified in returning to work the next night. The evidence does not show that he had any knowledge of the fact that Stevenson had sent back the incompetent crane operator to take charge of the crane. that night, nor does it show that by observation he either did know the fact or should have known it, because the place where the crane operator sits is so high above the heads of the men below that in the smoke, dust and dim light of the shop it is very difficult to discern who the crane operator is. But even if, after his return to work that night, he learned that the incompetent

crane operator had been again placed in charge, the court could not say as a matter of law that it was his duty to immediately throw down his tools and quit work, for at most it was for the jury to say whether he had exercised proper care under the circumstances. We see nothing in this case to take it out of the rule that an employer is bound to use ordinary care in the selection of his employees, and if he neglects to do so, or if he retains them after he becomes aware of their unfitness or incompetency, he is answerable to his servant for his negligence in this respect: Huntingdon & Broad Top Railroad Company v. Decker, 84 Pa. 419; Hughes v. B. & O. Railroad Company, 164 Pa. 178; Wust v. Erie City Iron Works, 149 Pa. 263.

The appellant further contends that the charge of the court was inadequate because it did not define what under the facts in the case constituted negligence of the defendant, or contributory negligence of the plaintiff. In this connection it should be observed that no request was made for specific instructions in the court below, nor was the attention of the trial judge called to any of the matters now assigned for error in this respect. Indeed, this question seems to have been an afterthought on the part of the learned counsel for appellant. As a general rule it may be said that mere omission to say what might have been properly said, cannot be treated as reversible error when no points were submitted to the court below asking for specific instructions. It is true in some of our cases the judgment of the court below was reversed on the ground of inadequacy in the charge, but in all of these cases it appeared that an injustice had been done the parties, or the charge of the court had been clearly erroneous. After a careful examination of the charge in the present case, we cannot say that an injustice was done the appellant or that there was any clear error in the instructions to the jury.

Judgment affirmed.