# Commonwealth *v.* Agato, Appellant.

*Criminal law—Larceny—Identification of article stolen—Two dollar note—Evidence.*

A conviction of larceny of a two-dollar note will be sustained without actual identification of the note, where the evidence shows that the prosecutor's pocket was picked of a two dollar note which he had placed in his pocket while the prisoner and two companions were standing close to him; that all three men attempted to escape when a policeman was called; that the prisoner was arrested, and there was found on him a crumpled two dollar note.

Submitted Oct. 16, 1915.   Appeal, No. 171, Oct. T., 1915, by defendant, from judgment of Q. S. Philadelphia Co., Oct. Sessions, 1914, No. 60, on verdict of guilty in case of Commonwealth v. Emmet Agato.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Indictment for larceny.   Before WALLING, P. J.
Verdict of guilty upon which judgment of sentence was passed.

*Error assigned* was in refusing binding instructions for defendant.

*Henry M. Stevenson* and *C. Stuart Patterson, Jr.,* for appellant.

- *John H. Maurer,* Assistant District Attorney, and *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY KEPHART, J., March 16, 1916:

The defendant was convicted of larceny.   The reason urged for the reversal of the judgment is the failure of the Commonwealth to identify the property recovered as being the property stolen.   The facts develop that the

prosecutor was standing at a stall along the street making some purchases. He noticed the defendant with two men close by. After the purchases were made he put some change and a two dollar bill in his left trouser pocket and started to walk away when he felt something brush against his left coat pocket. He immediately reached in his pocket and found the bill gone. He then called an officer to arrest the defendant and his companions who were moving rapidly away. Defendant was arrested and endeavored to make his escape while the officer was trying to secure his companions. He was then searched and a crumpled two dollar bill was found in his pocket separate from his other money. The prosecutor did not identify the bill as being his further than the testimony here narrated. There is no question but that money of the amount claimed was stolen and that a similar amount was found in the defendant's possession. The defendant was next to the prosecutor and near enough to him to have picked his pocket. There are many means of identification of property of sufficient probative value to sustain a finding of ownership. There may be direct evidence of the identification or such circumstances from which the natural and probable inference would be that of identification. This entire occurrence covered a short period of time. The only persons on the scene were those here mentioned. There were no intervening acts presented which might weaken the hypothesis of guilt created by the combination of acts here presented. The question as to the possibility of this bill getting beyond the immediate actors, limited to the prosecutor, the defendant, and his companions, with the defendant nearest the prosecutor in a position where he could have abstracted the bill, and the defendant's subsequent conduct, are all matters from which identification may be found by the jury. The actual physical identification is thus supplied by the logical inference from the circumstances here related, none the least of

which is the effort on the part of the defendant to make his escape and the successful escape of his companions.

The assignments of error are overruled, the judgment is affirmed, and the record will be remitted that the defendant may serve the unexpired term for which he was sentenced.