## Commonwealth *v.* Wilston and Wilston, Appellants.

*Criminal law—Larceny—Identification of stolen property—Evidence.*

A conviction of larceny of three yearling cattle will be sustained where the evidence, although contradicted, shows that the defendants were seen driving certain cattle, corresponding in description to those stolen, shortly after the loss was discovered, along the road leading from the farm of the owner of the cattle.

The inferences to be drawn from the testimony are for the jury, and the identity of the property stolen, like other proof in larceny cases, may be established by circumstantial evidence.

*Charge of court—Misquotation of testimony—Harmless error.*

Where a trial judge in referring to the testimony of a witness misquotes it in a material point his attention should be called to the error at once, before the jury retires. A party may not sit silent and take his chance of a verdict, and then, if it is adverse, complain of a matter which, if an error, could have been immediately rectified and made harmless.

Argued October 7, 1919. Appeal, Nos. 192 and 202, Oct. T., 1919, by defendants, from judgment of Q. S. Sullivan Co., September Sess., 1918, No. 15, on verdict of guilty in the case of Commonwealth v. William Wilston and Ephraim Wilston. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Indictment for larceny. Before TERRY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendants appealed.

*Error assigned* was the charge of the court and refusal to give binding instructions for the defendants.

*John C. Scouton,* for appellants.

*E. J. Mullen,* and with him *J. H. Thayer,* District Attorney, for appellee.

OPINION BY TREXLER, J., December 1, 1919:

The defendants were indicted for larceny of cattle, and a verdict of guilty was rendered.

The first question presented is whether the proof of identity of the property stolen is sufficient. It appears that one of the defendants, William Wilston, was employed by the prosecutor, George Walker, who has a

farm in Sullivan County, on which he kept a large herd of cattle during the winter season.   There were ten yearlings on the farm in April, 1917.   When Mr. Walker visited the farm one Sunday, he noticed that there were but seven.   He asked William Wilston where the other three were, and he told him they had gone down the creek with some cows, and had not come back. · They were never found.   Shortly after this conversation occurred, William Wilston and his brother Ephraim were seen driving three head of yearling cattle along the road leading from the Walker farm.   Five witnesses on the part of the Commonwealth testified to this.   Three testified the cattle were yearlings, and at least one of them was described as black and white, being of the breed which Walker kept on his farm; although they could not tell the color of the other two.

The defendants were called and absolutely denied having driven any cattle along that road during the time mentioned, or at any time during the year.   We must consider the whole record in determining whether there is sufficient to convict the defendants.   We can easily see that the absolute denial of the defendants of ever having driven the cattle on that road, was so directly contrary to the overwhelming evidence in the case, that it discredited them.   The jury apparently felt that there was sufficient evidence that the cattle driven down the road were Mr. Walker's, and that defendants testified as they did in order to evade accounting for the possession of them.   They were yearlings of the same number as those missing, and the time the defendants were seen followed closely that of the disappearance of the cattle.   We think that the conclusion is warranted that there was enough evidence of identity to support the verdict.   The inferences to be drawn from all of the testimony are for the jury, and the identity of the property, like other proof in larceny cases, may be established by circumstantial evidence.   See Commonwealth v. Agato, 63 Pa. Superior Ct. 274.

The second assignment charges that the court misstated the testimony of one of the witnesses. If a trial judge in referring to the testimony of a witness misquotes it in a material point, his attention should be called to the error at once, before the jury retires. A party may not sit silent and take his chances of a verdict, and then if it is adverse, complain of a matter which if an error would have been immediately rectified and made harmless: Commonwealth v. Razmus, 210 Pa. 609.

The third assignment of error complains that the charge of the court as a whole was inadequate and unfair to the defendants, in that it failed to inform the jury that they might convict one and acquit the other. It was the duty of counsel to call the court's attention to this matter before the jury retired. It was too late to raise this question for the first time upon motion for a new trial, and we cannot consider it on appeal: Tucker v. Amer. Car Foundry Co., 218 Pa. 323. Under the testimony, the jury were necessarily drawn to the conclusion that if the crime was committed, both defendants participated in it.

All the assignments of error are overruled, the judgment is affirmed, and it is ordered that the defendants, appellants, appear in the court below at such time as they may be there called, and that they be by the court committed, until they have complied with the sentence imposed.