## Graver v. Superintendent of Police

*Thomas D. McBride,* for petitioner.

SLOANE, J., September 3, 1943.—Sitting in quarter sessions, I allowed this petition for writ of habeas corpus, and I inquired and examined into the facts of the case: Act of July 1, 1937, P. L. 2664, 12 PS §1892 et seq. And these are the facts:

Relator is a policeman on our Philadelphia force. His beat in December 1941 covered Miriam Road, where lived a Mr. Ellman and his family. On Christmas Eve of 1941, relator, while patrolling his beat, saw signs of a fire in the Ellman house. He knocked at the door, got no response, broke a cellar window and entered the house. There was a fire, and the firemen responded to relator's alarm.

Ellman, visiting in New Jersey, was notified and he rushed back home. When he entered his house the fire was out, but the firemen and police were still there. Part of the fire was in the second floor rear room, and Ellman looking about in this room noticed his son's Eastman Kodak camera missing. He reported the loss to the police.

A year and a half later the camera was found in relator's home by his superiors, Inspector LaReau and Lieutenant Hanlon. Relator admitted to them that he

took it from Ellman's house the night of the fire. Relator was arrested, charged with burglary, and committed by a magistrate. He then, through counsel, brought this writ alleging illegal restraint; he prays discharge. His grounds are: (1) The corpus delicti is not shown or established by the evidence in the case and therefore relator's confession to his superior officers cannot be admitted or considered; and (2) regardless, relator is guilty, if guilty, of larceny, not burglary.

It is correct to say that the Commonwealth "should make out a prima facie case of guilt": Commonwealth ex rel. Scolio v. Hess, Warden, 149 Pa. Superior Ct. 371, 375 (1942),* and should therefore show as part of its case the fact of a crime—here, a camera. Yet, I suggest relator's first argument to be rigid or over-precise. He argues there is not adequate proof that Ellman's property was taken because Mr. Ellman's identification of the camera (a birthday gift to his son) was equivocal, since he failed to state positively that the camera was *the* camera of his son; and because he had not seen the camera for about two months before the fire.

The camera was produced in court, and Ellman said that it was a camera of the same make and appearance as the one belonging to his son which he reported missing immediately after the fire. It was a "Brownie reflex camera, made in the U. S. A. by the Eastman Kodak Company, Rochester, New York, B", with a brown leather case and a shoulder strap. It had neither serial number nor Ellman's name nor other identifying mark on it, but he did say that it was of the same "type, construction, color, shape, and form" as his son's, was like it in every respect, and exactly the type of case and cover in which the camera was kept.

---

* See also Commonwealth ex rel. Wadsworth v. Shortall, 206 Pa. 165, 178 (1903).

I think it would be mischievous to hold that unerring identity of property is necessary in every case; it would be summum jus summa injuria.

"There are many means of identification of property of sufficient probative value to sustain a finding of ownership. There may be direct evidence of the identification or such circumstances from which the natural and probable inference would be that of identification": Commonwealth v. Agato, 63 Pa. Superior Ct. 274, 275 (1916).

There are instances where the fact of identity must be for the jury upon presentation of circumstances of similarity between the alleged stolen property and the missing property. See 36 C. J. 896, Larceny, §477. Money is an instance: Commonwealth v. Agato, supra; so is cattle: Commonwealth v. Wilston et al., 73 Pa. Superior Ct. 161 (1919); and a window sash: Commonwealth v. Fry, 41 D. & C. 18, 26 (1941). Positive identification was not made in these cases; it is true the time element in the first two cases was different from the present case, but that is another circumstance to be considered in determining identity. Thousands of cameras of the same make and kind are bought and sold and many a person could not, with downright pointing finger, say this is my camera. The circumstances here are factual and for the jury, and not for me, as law. I conclude that the substantial fact of a crime was sufficiently shown by the Commonwealth to have been committed by someone. See Commonwealth v. Gardner, 282 Pa. 458, 464 (1925); see also note in 91 U. of P. Law Rev. 766 (May 1943).

But what crime? Relator is held on burglary—that is, wilfully and maliciously entering the Ellman house with intent to commit any felony therein: The Penal Code of June 24, 1939, P. L. 872, sec. 901, 18 PS §4901. That very simply means that a burglar is one who makes up his mind to enter a building to commit some felony. Wrongful entering is an essence of burglary,

and "Consummation or execution of the intent to steal or to commit some other felony is not necessary to complete the crime of burglary or the crime of 'breaking and entering', etc.": Commonwealth ex rel. Moszczynski v. Ashe, 343 Pa. 102, 105 (1941). Here there is no showing of wrongful entry, and I cannot conceive from the facts of the case that relator formulated the intent to steal the camera at the time he entered the house. On the contrary, the evidence is that relator as a policeman had the right and duty to enter when without occupancy there was the smoke of fire. Lieutenant John J. Hanlon and Inspector Earl P. LaReau said so under cross-examination. The persons seen by Ellman on his return were police and firemen who had entered there to put out a fire, not only under claim of right but under the onus of performance of their public duty. The same applies to relator. He attempted to arouse the household, turned in an alarm, and entered. He admits taking a camera, but at no time admitted and the circumstances do not show that he entered with the intention of taking the camera.

The proof here is that the idea of stealing the camera was formulated after relator entered the building. That is larceny. See Commonwealth v. Hartland, 147 Pa. Superior Ct. 263, 266, 267 (1942).

I cannot hold relator on the burglary charge, when the proof shows the crime of larceny. Larceny is separate and distinct from burglary.

"Whatever felony is committed *in* the building broken into is separate and distinct from the offense of breaking and entering into that building": Commonwealth ex rel. Moszczynski v. Ashe, supra, at page 105.

We therefore must discharge relator on the burglary charge.

But since there is prima facie proof of the crime of larceny I have the power and duty to hold him to answer that charge. See the opinion of the late Jus-

tice Parker when sitting in Venango County in Commonwealth ex rel. Reeves v. Skelly, Sheriff, 8 D. & C. 585, 589 (1926) ; see also Commonwealth ex rel. Curione v. Keeper of the County Prison, 26 Dist. R. 511 (1917).

"Our intention is to have no one held to answer or committed on an unfounded charge, nor suffer any one to escape when the proof is clear that he is liable to an indictment for the violation of law": Commonwealth v. Hickey, 1 Clark 436 (1843).

Acting as committing magistrate, relator is held to answer the charge of larceny.

I held relator in $1,000 bail pending disposition of this petition. I now set the bail at $1,000 on the larceny charge.