## Commonwealth *v.* Fiorentino, Appellant.

*Criminal law—Murder—Evidence—Threat to kill — Statement by accused that he had served time in prison—Refusal to strike out—Withdrawing juror — Evidence of former conviction — Evidence of intention—Cross-examination.*

1. Where a witness for the Commonwealth in a murder trial testifies that, shortly before the shooting, when the witness was trying to dissuade the accused from carrying out his threat, the accused said, "I am going to kill him. I served six month in prison," the refusal of the trial judge to strike out the last sentence and to withdraw a juror because of alleged improper examination, is not error, inasmuch as it was but part of the narrative of what the accused had said to the witness, and was in no sense testimony offered by the Commonwealth to show that he had been formerly convicted of crime. His statement that he had served six months in prison immediately following his threat to kill, was evidence of a deliberate intention to do so without regard to consequences.

2. In such a case, where a witness for the defense testified as to what the accused had said before the commission of the offense, but made no reference to his admission that he had been in prison, the mere fact that the district attorney, on cross-examination, asked the witness to repeat everything the prisoner had said, and asked what he had said about being in prison, did not call for the withdrawal of a juror and the continuance of the case, inasmuch as it was quite proper to ask the witness to repeat everything the prisoner had said.

Argued January 5, 1920. Appeal, No. 26, Jan. T., 1920, by defendant, from judgment of O. & T. Philadelphia Co., Nov. T., 1918, No. 604, on verdict of murder of the second degree, in the case of Commonwealth v. Michael Fiorentino. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Indictment for murder. Before MCCORMICK, J., specially presiding.

The jury rendered a verdict of guilty of murder of second degree upon which the court imposed sentence. Defendant appealed.

*Errors assigned* were rulings on evidence, and refusal to withdraw a juror.

*Michael A. Spatola,* with him *C. S. Patterson,* for appellant, cited: Pauli v. Com., 89 Pa. 432; Goersen v. Com., 99 Pa. 388; Com. v. Shanor, 29 Pa. Superior Ct. 358.

*James Gay Gordon, Jr.,* Assistant District Attorney, and *Samuel P. Rotan,* District Attorney, for Commonwealth, were not heard.

PER CURIAM, February 2, 1920:

The appellant was found guilty of murder of the second degree, and, on this appeal from the judgment pronounced against him, his complaint is of the refusal of the trial judge to strike out certain testimony and to withdraw a juror for alleged improper cross-examination of a witness. Shortly before he committed his offense he said, according to the testimony of a witness named Agresto, "I am going to kill him. I served six months in prison." The complaint is of the refusal to strike out this last sentence. It was but part of the narrative of what the appellant had said to the witness, who was trying to dissuade him from carrying out his threat and was in no sense testimony offered by the Commonwealth to show that he had been formerly convicted of crime. His statement that he had served six months in prison, immediately following his threat to kill Sparta, was evidence of a deliberate intention to do so without regard to consequences, and no error was committed in refusing to strike it out.

Marie De Filippo, at whose home the appellant made the threats testified to by Agresto, was called as a witness for the defense, and almost the first question put to her was, "Will you tell the court and jury in your own way what happened from the time Fiorentino came to your house until he left?" She testified to her recollec-

tion of what the appellant had said in the presence of Agresto, but made no reference to his admission that he had been in prison. On cross-examination it was quite proper for the district attorney to ask her to repeat everything the prisoner had said, and this, in effect, was all he did when he asked her what the defendant had said about being in prison. Her answer to the question was a substantial corroboration of Agresto, and did not call for the withdrawal of a juror. The assignments of error are without merit, and the judgment is accordingly affirmed.

Judgment affirmed.