## Commonwealth *v.* Dague, Appellant.

Argued October 9, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Thomas W. Dickey,* with him *Benjamin Jarrett* and *Percy Allen Rose,* for appellant, cited as to the admission of evidence of other crimes: Com. v. Parker, 294 Pa. 144; Com. v. Mellor, 294 Pa. 339.

*Charles J. Margiotti,* with him *John S. Powers,* District Attorney, *Sebastian C. Pugliese* and *Edward Friedman,* for appellee, cited: Com. v. Weston, 297 Pa. 382; Com. v. Hestor, 85 Pa. 139; Com. v. Mellor, 294 Pa. 339; Com. v. Parker, 294 Pa. 144.

Opinion by Mr. Justice Schaffer, November 24, 1930:

The appellant, Glenn Dague, was convicted of murder of the first degree and sentenced to death. It is not necessary to detail the circumstances of the crime, they have been set forth in Com. v. Schroeder, 302 Pa. 1.

Appellant brings to our attention one question. When Sheriff Wright, a witness called by the Commonwealth in rebuttal, was on the stand, he was asked by the prosecuting attorney, whether, as a part of an oral confession made by appellant to the witness, he stated anything on the subject of other stores, which he had robbed,

prior to the one in Butler on the day of the killing, to which the witness replied, that appellant had said he and Irene Schroeder had robbed quite a number of other stores, some twenty odd, in the same way they had the one in Butler. This testimony was offered to enable the jury to know what manner of man the defendant was, if they should find him guilty of murder of the first degree, when it came to the exercise of their discretion on the question of his punishment under the Act of May 14, 1925, P. L. 759. In charging the jury as to this evidence, the trial judge told them, that it was admitted as proper for their consideration in fixing the penalty, in case they should find the defendant guilty of murder of the first degree, but that it was not to be considered as going to establish his guilt of the crime for which he was then being tried. In his opinion disposing of the motion for a new trial, he states that he was "convinced, from the admissions of the defendant and the other evidence in the case, that the defendant is an habitual offender against society, a robber of the type that would commit murder, when necessary, to accomplish his purpose." And further, "The defendant asked that, if convicted, the jury, in assessing punishment, would extend mercy to him. The arguments of his counsel were almost wholly a plea for mercy."

The testimony was properly received. In Com. v. Weston, 297 Pa. 382, 389, we said, "The statement complained of [embodying the commission of another crime]......was a part of the voluntary confession to the police officer...... The conversation as a whole ......was admissible......and the repetition of all that he said......cannot be considered as an attempt on the part of the Commonwealth to prove an independent and distinct offense to his prejudice, which has met with condemnation in some of our cases." In Com. v. Parker, 294 Pa. 144, 151, we ruled, commenting on the effect of the Act of 1925: "It should not necessarily be accounted reversible error if the trial judge, in the exer-

cise of his discretion, allows the jury the same sort of information that a judge considers when deciding as to punishment for crime...... Here other offenses than the one on trial were acknowledged by the defendants at the same time as and in course of their confessions of that crime, and the question concerns the admissibility in its entirety of such a confession...... The Act of 1925 was not passed to help habitual criminals, and we take judicial knowledge of the fact that offenders of that designation have become so general that the law, not only lex scripta but non scripta, must advance to protect society against them. This being so, in a case like the present, where the trial judge was convinced from the confessions of the defendants, as the court below evidently was, that they were habitual offenders against society,—robbers [as in the pending case], burglars, and, as occasion arose, murderers,—where the evidence indicated such to be their general manner of life, and where the defendants asked that, if convicted, the jury, in assessing punishment, extend mercy to them, [as was done in the instant case] we cannot say it was reversible error to receive their full confessions in evidence, even though it is possible that the admissions therein of other offenses may have militated in a general way against defendants." Com. v. Mellor, 294 Pa. 339, was a case in which in essence the situation was the same as here. There the trial judge admitted in evidence a voluntary written statement made to the police by defendant after his arrest, which, in addition to describing the attempted robbery, during which the murder occurred, detailed additional robberies forming a series continuous in time, as is the situation in the case in hand, but in the main, otherwise unconnected with the crime charged in the indictment. There, as here, the evidence showed that the shot which caused the murder, was fired either by defendant himself or by his confederate in the crime. The confession that was there offered contained admissions of a course of crime covering a considerable period

immediately prior to the homicide, in which the defendant and his cofelon engaged in no less than four robberies, some seven burglaries and several larcenies. We there quoted what was said in Com. v. Parker, as to the Act of 1925 not having been passed to help habitual criminals and our conclusion to take judicial knowledge of the fact that offenders of that designation have become so general that the law must advance to protect society against them, and said, (page 345) "This being so, where the trial judge, in a case like the present, was properly convinced from the confession of the defendant, as the court below evidently was, that the prisoner at bar was an habitual offender against society, a burglar and robber of the type that would commit murder when necessary to accomplish his purpose. where the evidence indicated such to be his general manner of life, and where the defendant asked that, if convicted, the jury, in assessing punishment, would extend mercy to him, we cannot say it was reversible error to receive his full confession in evidence, even though it is possible that the admissions therein of other offenses may have militated in a general way against him." See also Com. v. Flood, 302 Pa. 190. In addition to the confession, the defendant himself on the stand admitted his participation in other crimes of similar character. When asked as to what his purpose was in cutting the twine a day or two before the Butler robbery, he answered that he had used it for the same purpose before, that is to say, to bind people whom he was robbing.

The judgment is affirmed and the record is remitted to the court below for the purpose of execution.