(No. 20131.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES PENN, Plaintiff in Error.

*Opinion filed October 25, 1930.*

I. R. WASSON, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, HENRY E. PRATT, State's Attorney, and JOEL C. FITCH, for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

James Penn was indicted for burglary and larceny in the circuit court of Peoria county. A jury found him guilty of larceny and he was sentenced to the penitentiary. By this writ of error he seeks a reversal of the judgment.

Shortly before one o'clock in the morning of May 11, 1929, a grocery store owned by the Great Atlantic and Pacific Tea Company located at 1803 North University

street, in the city of Peoria, was entered and a box of candy, a package of yeast foam, about forty cartons of cigarettes and fifteen bags of sugar, twelve containing one hundred pounds each and three containing twenty-five pounds each were taken. Before the goods were removed the police department was notified and four police officers immediately drove to the store. As they approached it they saw a man jump from the store platform into an automobile and drive hurriedly away. The police officers in their automobile pursued the fleeing car about two and one-quarter miles before they overtook it. Two men then jumped from the latter automobile and were followed by the police officers. The plaintiff in error ran back of a house and was caught by two of the officers as he attempted to hide in the weeds near an ash-box. Goods corresponding to those missing from the store were found in the automobile which he abandoned and the car was identified as one theretofore sold to him. The lock on the front door of the store was broken. At the time of the trial the plaintiff in error was twenty-eight years of age. He did not testify and no evidence was offered in his behalf.

The contention is made that the value of the property stolen was not established by the evidence. One count of the indictment charged larceny, and in that count the different items of personal property alleged to have been stolen were specified, and the value of each was stated. When the manager of the store was interrogated concerning the value of the property taken, he answered that the sugar was worth "five twenty-nine a hundred," the cigarettes "one twenty-five a carton," the box of candy eighty cents and the package of yeast foam fifty-three cents. The jury found the value of the property stolen to be $128. The basis of the contention is that with respect to the sugar and cigarettes, the witness omitted the monetary unit. The dollar is the legal unit of money in the United States and the smaller denominations are fractional parts of the unit.

(1 U. S. Stat. at Large, (1792), p. 248, chap. 16, sec. 9). The expression "five twenty-nine a hundred," when reference is made to a commodity which is sold by the pound, is generally understood to mean five dollars and twenty-nine cents per hundred pounds. Likewise "one twenty-five a carton" means one dollar and twenty-five cents per carton. (*Beardsley* v. *Hill*, 61 Ill. 354). Jurors have the right to consider the testimony in the light of that knowledge and experience which is common to all men. (*Hayes* v. *Wagner*, 220 Ill. 256). Wigmore in his work on Evidence, (2d ed. vol. 5, sec. 2570), says: "So far as the matter in question is one upon which men in general have a common fund of experience and knowledge, through data notoriously accepted by all, the analogy of judicial notice obtains to some extent, and the jury are allowed to resort to this information in making up their minds." The contention that the value of the property stolen was not shown is without merit.

It is further contended that the evidence fails to show that the merchandise was the property of the Great Atlantic and Pacific Tea Company. There was a key number on the sacks of sugar and cartons of cigarettes which identified them as the property of the company at the particular store. The goods found in the automobile belonging to the plaintiff in error immediately after the burglary was committed corresponded to those missing from the store, and he did not explain how he came into possession of them. If goods are found in the possession of the person accused immediately after a burglary, and they are of the same kind and description as those stolen, and the possession is not explained, the proof is sufficient to identify the property so found as the property taken. *People* v. *Rembowicz*, 335 Ill. 604; *People* v. *Lehner*, 335 id. 424; *People* v. *Wilson*, 298 id. 257.

The guilt of the plaintiff in error, it is argued, was not established beyond a reasonable doubt. The store had been

forcibly entered at night, and a substantial quantity of merchandise had been removed from it. When the police officers appeared, the plaintiff in error and his companion took flight in the former's automobile. The officers in pursuit apprehended the plaintiff in error after he had jumped from his car and attempted to hide. He made no explanation of the presence of the stolen goods in his car, nor of the reason for his flight. His guilt was clearly established and the jury's verdict was amply justified.

The judgment of the circuit court is affirmed.

*Judgment affirmed..*