## Commonwealth *v.* Harris, Appellant, et al.

Argued November 28, 1933. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*George S. Wolbert,* for appellant.

*Vincent A. Carroll,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY MR. JUSTICE KEPHART, January 2, 1934:

Robert Harris was convicted of murder in the first degree and sentenced to death.

Appellant asks us to reconsider the rule announced in numerous homicide cases that evidence, in proper form, of prior convictions of crime is admissible for the sole purpose of aiding the jury in determining the penalty to be inflicted if the jury finds defendant guilty of murder in the first degree. Counsel have restated persuasively the arguments against it, all of which we have considered in this and very many other cases. We have recently restated the rule giving reasons therefor in an opinion for the court by Mr. Justice LINN. See Com. v. Stabinsky, 313 Pa. 231. Nothing need be added to what is there said. See Com. v. Kurutz, 312 Pa. 343; Com. v. Williams, 307 Pa. 134; Com. v. Flood, 302 Pa. 190; Com. v. Dague, 302 Pa. 13; Com. v. Quaranta, 295 Pa. 264; Com. v. Mellor, 294 Pa. 339; Com. v. Parker, 294 Pa. 144; Com. v. Dorst, 285 Pa. 232.

The records of two prior crimes wherein appellant had been adjudged guilty were clearly admissible as evidence. While the minor offense involved in one, of itself would not have been admissible, it was associated with and a part of the other, a major offense, which brought both crimes within the rule. The court's charge minutely and fully instructed the jury as to the sole purpose for which they were to be considered, and carefully

told the jury they were not presented for the purpose of controverting any testimony given on behalf of the appellant, but were to be used solely in ascertaining whether appellant was such a person as was entitled to clemency in case a verdict of guilty was found. There was no error in the admission of this evidence.

Appellant maintains that the jury abused its discretion in fixing the death penalty, because it is too severe and drastic to be imposed in this case, and that this court has authority to modify that sentence. Without deciding the question as to our power to modify the sentence fixed by the jury, we conclude that the present case is not one wherein this court is called upon to use that power, if it exists. A consideration of the evidence detailed below, by which the finding of the jury was warranted, convinces us the verdict of the jury is justified, and the penalty of death is not too drastic a sentence.

Downey, the decedent, and Frank Cassidy, a friend, men of advanced years, had resided at 917 S. 16th Street, Philadelphia, for some time prior to December 17, 1932. A rumor spread through the neighborhood that Downey had recently received the proceeds of an insurance policy taken out on the life of a relative. This reached the ears of appellant's friend and codefendant, Joseph Sterling. In the early evening of December 17th Sterling came to the home of appellant, and asked him to go along with him: "I know where we can make some money," and when asked where it was to be had, he replied, in substance, from a couple of old men: "All I'll have to do is go in and take the money from them." Sterling told appellant that he had a gun, and said: "Come on, we'll get some money." Thereupon appellant in his car drove with Sterling to a point about a block from decedent's residence, in front of the home of Sam Shelton, one of Sterling's friends. Some days before, Shelton and Sterling had broken into decedent's home in the absence of both decedent and Cassidy, in an effort to get this money. If decedent had any money in the house, they did not find it.

Shelton not being at home, appellant, with Sterling, walked from Shelton's residence to decedent's home. Sterling rang the bell and the door was opened by Downey. Appellant and Sterling pushed past Downey, all of them proceeding back through the hallway to the kitchen where the other aged man, Cassidy, was sitting. Appellant and his companion who had drawn his revolver, said nothing except to warn Cassidy to "Sit where you are" when he attempted to rise. Nevertheless, Cassidy tried to escape and was struck on the head by appellant, with the butt of a revolver. Cassidy was cut on the head, several stitches being necessary to close the wound. Almost immediately after this scuffle, Cassidy heard a shot. The two intruders left. Cassidy, who had been stunned by the blow, after recovering, followed a trail of blood to the front door of his residence and through the snow, to the next house and inquired for Downey. He found him there with wounds through his hand and neck, from which he died four days later at the hospital. Sterling's appeal to this court sets forth further facts in connection with the killing. [Next case above.]

Appellant made a written, signed statement confessing that he knew the purpose of Sterling's visit to Downey's residence, and went there for the purpose of taking money from two old men. He joined in a plan to rob. While defendant now denies part of his confession, stating he did not know the real purpose of the visit to Downey's house, and Sterling at the trial attempted to exonerate Harris from all knowledge of the crime by denying that he had ever told Harris of the purpose of his visit to decedent's home, these facts were all for the jury.

The jury believed the confession and other evidence of the Commonwealth.

These facts substantiate the jury's finding that this was a deliberate murder committed while attempting to perpetrate a robbery, and under the Act of 1860, P. L.

382, it was murder in the first degree. Appellant urges the death penalty does not fit this crime.

It has been the policy of the State, under the Act of 1860, to inflict the death penalty where the crime is committed while perpetrating a robbery. The Act of 1925 does not change this policy unless the jury finds mitigating circumstances which indicate provocation, impulse of emotion, or other satisfactory reasons for lessening the penalty. Where the crime is based upon the mental impulse of greed and desire, it is difficult to discover such extenuating circumstances as would move a court to reduce the sentence. Appellant in this case aided in an attempt to rob, in the perpetration of which the killing took place. The jury has sentenced him to death. This court will not arbitrarily substitute its judgment for that of the jury even if it had the power so to do. We are not justified in arraying against the statutes any disinclination we may have to impose the extreme penalty. If the penalty is warranted by the record, the sentence must stand. Any further plea in mitigation must be to the pardoning power.

We have read the record. All the elements of murder in the first degree appear. The assignments of error are overruled.

Judgment affirmed and record remitted to the court below for the purpose of execution.