## Commonwealth *v.* John Jones, Appellant.

Argued November 25, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John E. Walsh, Jr.,* with him *William F. Berkowitz,* for appellant.

*Colbert C. McClain,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY MR. JUSTICE DREW, January 9, 1947:

John Amos Jones, defendant, was indicted and tried for the murder of Edward Johnson in the City of Philadelphia. The jury returned a verdict of guilty in the first degree and recommended the death penalty. The learned court below overruled the motion of defendant for a new trial and imposed a sentence of death. This appeal followed.

The facts are briefly as follows: Defendant and one Mrs. Annetta Goldman maintained a meretricious relationship from about May to December 1945. He lived at her house, paid her household expenses and aided in the support of her 14 year old son. In October, 1945, Edward Johnson, the deceased, returned from service with the armed forces, and renewed his acquaintance with the Goldman woman. Thereafter defendant was

ordered out of the home, but he refused to leave. However, while he was absent temporarily from the house on December 10, 1945, the lock on the door was changed and his clothing was packed and placed near the door. Later that day defendant, not finding Mrs. Goldman at her residence, set out to locate her and about eight o'clock in the evening he found her in a nearby taproom. She was seated at a table with several others and Johnson was standing at a music box not far away. Defendant called to Mrs. Goldman, and, when she arose to go over to him, he fired two shots and she threw herself under a table to avoid being struck. At close range, defendant then twice shot Johnson, who, despite his wounds, staggered out of the taproom and fell to the sidewalk. Defendant pursued him, shouting "I am going to finish you"; and again shot him twice. Johnson died in a few minutes. Defendant, after the shooting, fled to Boston, was later apprehended there and returned to Philadelphia for trial. He contended that he shot deceased in self-defense. His evidence at the trial was very weak and consisted entirely of his own testimony.

The Act of February 15, 1870, P. L. 15, section 2, sets forth the duty of this Court, under the facts present here, ". . . to review both the law and the evidence, and to determine whether the ingredients necessary to constitute murder in the first degree shall have been proved to exist." We have done so, and on the evidence adduced have not the slightest doubt that the jury was entirely justified in finding that the killing was done with malice and that it was wilful, deliberate and premeditated. Therefore, its verdict will not be disturbed unless defendant did not receive a fair trial.

The sole question here is whether the admission of certain testimony, over the objections of defendant's counsel, is reversible error. The testimony in dispute was given by Detectives Joyner and Powell, witnesses for the Commonwealth, and it related to oral statements

admitting prior arrests alleged to have been made by defendant while in their custody.

It is well settled that evidence in proper form of prior convictions of crime is admissible in homicide cases, for the sole purpose of aiding the jury in determining the penalty to be inflicted if it finds the accused guilty of murder in the first degree, where the accused is an habitual criminal of the type who kills for mercenary purposes or where the killing is the result of sordid passion: *Commonwealth v. Williams,* 307 Pa. 134, 160 A. 602; *Commonwealth v. Harris,* 314 Pa. 81, 171 A. 279; *Commonwealth v. Thompson,* 321 Pa. 327, 184 A. 97; *Commonwealth v. Clark,* 322 Pa. 321, 185 A. 764. A similar rule permits the admission, in certain types of homicide cases, of statements or confessions in which the accused admitted the *actual commission* of other crimes to aid the jury in fixing the penalty in a case of murder in the first degree: *Commonwealth v. Weston,* 297 Pa. 382, 147 A. 79; *Commonwealth v. Dague,* 302 Pa. 13, 152 A. 839. The reason for the admission of such evidence was made clear in *Commonwealth v. Dague,* supra, where we said: ". . . to enable the jury to know what manner of man the defendant was, if they should find him guilty of murder of the first degree, when it came to the exercise of their discretion on the question of his punishment . . ." The appellate courts of this Commonwealth have strictly limited the application of this rule of evidence to certain cases involving either *prior convictions* or admissions by accused of the actual commission of other *crimes* and any attempt to extend this principle to include testimony of *mere arrests* is without foundation in either law or reason.

It is fundamental that no testimony is admissible unless it is relevant, i. e. unless it is of a nature to afford evidence tending to prove or to disprove the matters in issue. Even if it is definitely proved to a jury that a man has been arrested, of what probative value is that

fact? Unless convicted, a man remains innocent and the law cannot in justice cast a shadow on his character for a mere arrest. It could not help the jury to know what manner of man the accused was, because the mere fact of an arrest does not prove or disprove anything.

In *Commonwealth v. Arcurio,* 92 Pa. Superior Ct. 404, the same question was raised, under somewhat different circumstances and it was there held that mere arrests and indictments, without convictions, raise independent issues and have no value as probative matter, and therefore cannot be admitted under the rules for the admission of convictions. See also 3 Wigmore on Evidence (3rd ed), section 980a.

The learned trial judge not only admitted the testimony of Detectives Joyner and Powell, over the objections of appellant's counsel, but in his charge to the jury he stated : "We are not concerned with the fact that he has a record [meaning the prior arrests concerning which the detectives testified], or with his guilt or innocence of former crimes. That is not substantive testimony. It is not to be considered by you with the other testimony in determining his guilt or innocence, but only in determining the punishment if and when you render a verdict of first degree, then you consider the testimony." Testimony of any prior arrest, without proof of conviction, was not relevant evidence to aid the jury to determine punishment or for any other purpose. It cannot be considered harmless error because the necessary effect was to mislead the jury.

We are convinced that the admission of the testimony as to prior arrests was prejudicial to defendant, in that it may have materially influenced the jury in fixing the penalty at death, rather than at life imprisonment, and for that reason a new trial must be awarded.

Judgment reversed and a venire facias de novo awarded.