## Commonwealth v. Johns

*Leroy S. Maxwell*, District Attorney, for Commonwealth.

*George S. Black*, for defendant.

WINGERD, P. J., May 23, 1947.—Defendant was indicted for burglary and larceny, was tried and convicted of larceny.

A motion for a new trial was filed and is pressed upon four grounds.

Evidence was presented in this case that defendant was employed by one Slaughenhaup to do odd jobs, etc.; that he was around Slaughenhaup's office frequently; that on Saturday morning, October 26,

1946, he was in the office of Slaughenhaup; that Mr. Slaughenhaup came in and gave him a check for $9, which was the amount due him for the work done during the preceding week; that the clerk in the office was there until noon; that in the cash register there was $168, plus some silver, the $168 consisting of $20 bills, $10 bills, $5 bills and some $1 bills; that this money was in the cash register at the time the clerk left; that defendant was then around the premises, in fact was in an outside toilet, which was not connected with the room in which the cash register was kept; that in the afternoon and evening, defendant, with a friend, was at different places, at which defendant purchased considerable quantities of bottled beer, certain groceries, etc.; that in the evening, when at the friend's home, he asked the friend's mother to count his money and that she did so and found $108, composed of some $20 bills, $10 bills, $5 bills and a few $1 bills; that later defendant went in a taproom and presented a $20 bill but was refused beer because of his condition; that on the following Monday morning, when the cash register was found to be empty and the police called, the chief of police found that there were some muddy footprints on the floor and the half of the upper window pane of the window near the cash register was broken out, no glass was on the floor inside; that defendant, on Monday morning, was around the office, seemed unnatural, was nervous and fidgety. On Wednesday of the same week defendant was arrested and when interrogated by the chief of police, stated that all the money he had on the preceding Saturday was a $9 check he got from Mr. Slaughenhaup and three other dollars; that is, $12; that that was all the money he had and that his friend's mother had not counted his money on that evening; that he had worked no place else except for Slaughenhaup. At the time he was searched, he had a $5 bill and two $1 bills and a small amount of change. The testimony as to the posses-

sion of the money on Saturday night and the conversation with the chief of police were admitted over defendant's objection. Defendant offered no evidence.

Defendant contends that the evidence as to his possession of money and as to his denial of that fact were improperly admitted because the money could not be specifically identified as the stolen property. It is true that the witnesses could not identify the money which they saw with the money stolen. However, the identity of stolen property may be established by circumstantial evidence: Commonwealth v. Agato, 63 Pa. Superior Ct. 274, 275; Commonwealth v. Wilston et al., 73 Pa. Superior Ct. 161; Commonwealth v. Fry, 41 D. & C. 18, 26; Graver v. Supt. of Police, 49 D. & C. 162, 165; State v. Bossart, 62 N. Dak. 11, 241 N. W. 78. Evidence is admissible of circumstances tending to prove the identity of the money in defendant's possession and, taken in connection with the denial of defendant that he had the money at the time, is sufficient for a jury to find that defendant had possession of the stolen money near the time it was stolen. Proof of possession of property of the same character and description as recently stolen property, without explanation, is sufficient to identify the property so found as property taken: Commonwealth v. Wilston et al., 73 Pa. Superior Ct. 161, 163, supra; People v. Penn, 340 Ill. 535, 173 N. E. 86. If the jury believed, which it had a right to do, the testimony of the witnesses who saw defendant in possession of considerable sums of money at the time stated; that defendant denied having such sums at such times and that the bills which he had in his possession were bills of the same denominations which had been stolen, certainly it was justified in concluding that the bills he had in his possession were those taken from the cash register and that he had taken them, or otherwise he would have explained the possession of the money which he had on the Saturday in question. Possession of recently stolen property is evidence that

the possessor is the thief, but it is for the jury to say whether the guilt of a defendant is a reasonable inference of fact, fairly deducible from his possession of recently stolen property, in the light of all the circumstances, including the reasonableness of his explanation, if any, as how he came into possession of the stolen property: Commonwealth v. Chester, 77 Pa. Superior Ct. 388; Commonwealth v. Dock, 146 Pa. Superior Ct. 16; Commonwealth v. Joyce, 159 Pa. Superior Ct. 45. Clearly there was sufficient circumstantial evidence in the present case to justify a jury in finding defendant guilty of larceny. This disposes of two of defendant's contentions, the admission of the evidence, above referred to, and the refusal of the court to charge the jury that under all the evidence defendant must be found not guilty.

Defendant also objects to the portion of the court's charge, in which the court said, referring to the arguments of counsel: "You have a right to consider their arguments; you have a right to consider what they say should be the inferences and conclusions drawn but you are not bound by them and in any statement of fact, if your recollection is different from that of the counsel or different from that of the court when the court reviews the evidence, it is your recollection that must control." Defendant contends that the court should have said that it was the duty of the jury to consider the arguments of counsel. We feel there is no force in this position, for so long as the court does not, either directly or indirectly, charge the jury not to consider the arguments of counsel, defendant has not been deprived of his constitutional right to be heard by counsel. The cases which hold that the court erred in this respect are cases in which the court, either directly or indirectly, directed the jury to exclude the arguments of counsel from its consideration: Commonwealth v. Wood et al., 118 Pa. Superior Ct. 269, 272; Commonwealth v. Brown, 309 Pa. 515; Commonwealth

v. Polichinus, 229 Pa. 311, 314. Furthermore, the whole portion of the court's charge, dealing with this matter, makes it perfectly clear that the court did not in any way instruct the jury not to consider the arguments of counsel. It is as follows:

"It is perfectly proper for counsel for the Commonwealth and the defense to present their view of the case to you, their interpretation of the facts, their inferences from the evidence, but you are not bound by what they say in relation to who should be believed or who should not be believed in relation to the inferences and conclusions that shall be drawn from the evidence. You have a right to consider their arguments; you have a right to consider what they say should be the inferences and conclusions drawn, but you are not bound by them and in any statement of any fact, if your recollection is different from that of the counsel or different from that of the court when the court reviews the evidence, it is your recollection that must control."

The remaining contention of defendant presents a more serious question. When the chief of police was called and asked to give his conversation with defendant concerning the crime with which he was indicted, the district attorney offered to show the entire conversation and contended that the whole was admissible, although in it defendant had admitted the commission of other crimes. Defendant objected to the admission of the conversation as a whole. The portion of the conversation involved is as follows: "I started off, I said well I suppose you know what we got you here for and he said 'Yes'. He said this is one time I didn't do it. He said you know every time I have been in trouble I pleaded guilty. I said 'No you didn't plead guilty to all of them'. He said 'Yes, I did'. I said 'No you didn't and I made mention then of a case of a store being broken into and he worked there and I said you don't suppose you told the truth on that and he said 'Yes,

I did', and I said how about Slaughenhaups and he said 'I did not do this'."

As a general rule, on a prosecution for a particular crime, other crimes unconnected with it cannot be given in evidence against defendant as substantive proof of the crime for which he is being tried: Commonwealth v. Williams, 307 Pa. 134, 147, 148. There are some exceptions to this rule, which are stated in Commonwealth v. Williams, supra, but are not applicable in the instant case. However, at the trial it was contended that in a criminal case, where there is a conversation concerning the crime in question between some person and defendant, the whole conversation is admissible if part of it is clearly relevant as evidence for the Commonwealth, although it included an admission by defendant that he had committed other crimes. As authority for this position, the Commonwealth cited Commonwealth v. Weston, 297 Pa. 382, 389, in which it is said:

"The entire narration of defendant, bearing upon the crime with which he was charged, was admissible, and the repetition of all that he said in reference thereto cannot be considered as an attempt on the part of the Commonwealth to prove an independent and distinct offense to his prejudice, which has met with condemnation in some of our cases."

and Commonwealth v. Fiorentino, 266 Pa. 261, 262, in which it is said:

"Shortly before he committed his offense he said, according to the testimony of a witness named Agresto, 'I am going to kill him. I served six months in prison.' The complaint is of the refusal to strike out this last sentence. It was but part of the narrative of what the appellant had said to the witness. . . ."

In the present case, a portion of the conversation of defendant with the chief of police was clearly admissible as it was that defendant denied having any money

on the Saturday night in question, other than $12, and that his friend's mother had not counted $108 in his wallet.

There are a number of cases in Pennsylvania, namely, Commonwealth v. Weston, 297 Pa. 382, 389, supra, Commonwealth v. Gable, 323 Pa. 449, 452, Commonwealth v. Dague, 302 Pa. 13, Commonwealth v. Petrillo, 341 Pa. 209, 229, and Commonwealth v. Mellor, 294 Pa. 339, which hold that although the confession of the crime charged involves confessions of other crimes, the confession is admissible in its entirety: 7 Wigmore on Evidence (3rd ed.) 497, §2100, recognizes this principle of law. In Pennsylvania practically all of the cases in which this rule is applied are cases in which murder is charged and which were tried after the passage of the Act of May 14, 1925, P. L. 759, 18 PS §2222. The evidence of other crimes is admissible under that act for the restricted purpose of guiding the jury in fixing the penalty, if murder in the first degree is found, and the court should instruct the jury as to the purpose of that evidence and explain that it is limited to that purpose alone. However, there seems to be no limitation of any kind in reference to the admissions of other crimes as part of a confession by defendant of the crime charged. This distinction is clearly pointed out by Chief Justice Maxey in Commonwealth v. Petrillo, 341 Pa. 209, 229, and is certainly recognized in Commonwealth v. Weston, 297 Pa. 382, supra, and Commonwealth v. Wood et al., 142 Pa. Superior Ct. 340, 343, in which the charge was robbery and robbery with aggravating circumstances, although in the latter case the court gives other reasons for admitting defendant's statement as to committing other crimes than the one with which he was charged than the fact that it was part of his confession. In Commonwealth v. Gable, supra, and Commonwealth v. Dague, supra, the general rule is recognized but in each of these cases the court seems to think that the

evidence of other crimes was admissible for other reasons therein stated, both the cases being cases in which murder was charged. In Commonwealth v. Weston, supra, the charge was murder and the admission of defendant that he had committed a crime other than the one with which he was charged was part of a confession. In Commonwealth v. Fiorentino, supra, the charge was murder and the statement, in question there, seems to have been admissible on grounds other than that it was part of a narrative of what defendant had said to the witness. In Commonwealth v. John Jones, 355 Pa. 594, 597, 50 A. 2d 342, 344, which is the latest case we have seen on this subject, Mr. Justice Drew states:

"It is well settled that evidence in proper form of prior convictions of crime is admissible in homicide cases, for the sole purpose of aiding the jury in determining the penalty to be inflicted if it finds the accused guilty of murder in the first degree, where the accused is an habitual criminal of the type who kills for mercenary purposes or where the killing is the result of sordid passion: *Commonwealth v. Williams*, 307 Pa. 134, 160 A. 602; *Commonwealth v. Harris*, 314 Pa. 81, 171 A. 279; *Commonwealth v. Thompson*, 321 Pa. 327, 184 A. 97; *Commonwealth v. Clark*, 322 Pa. 321, 185 A. 764. A similar rule permits the admission, in certain types of homicide cases, of statements or confessions in which the accused admitted the *actual commission* of other crimes to aid the jury in fixing the penalty in a case of murder in the first degree: *Commonwealth v. Weston*, 297 Pa. 382, 147 A. 79; *Commonwealth v. Dague*, 302 Pa. 13, 152 A. 839."

This seems to hold that statements of the commission of other crimes made by defendant in a confession are not admissible generally because the confession is admissible in its entirety, but that in homicide cases they are admissible to aid the jury in fixing the penalty if murder in the first degree is found.

Prior to the Act of 1925, supra, in Commonwealth v. Jones, 280 Pa. ˙368, 372 (murder), statements of other crimes committed by defendant, made in connection with or as part of an admission or declaration by defendant, were held not admissible by reason of being part of such admission or declaration by defendant, citing Commonwealth v. Wilson, 186 Pa. 1, 22-23, in which statements concerning. other crimes committed by defendant, given in connection with admissions of guilt as to the crime involved, were not admitted in evidence. The latter case, together with People v. Spencer, 264 Ill. 124, 106 N. E. 219, is cited in annotation to Lowber v. Delaware, 2 A. L. R. 1014, 1030, in support of the following statement: "But when the parts of a conversation connected with a confession of the crime charged can be separated from those relating to other offenses, only those parts which are material to the crime charged should be received in evidence", and People v. Spencer, supra, is quoted to that effect (p. 138) :

"The general rule is, that a statement in the nature of an admission or confession, in order to be admissible, must relate to the offense in question. While the fact that such statement may include another offense as well as that charged does not prevent the confession being received and going to the jury with proper instructions when there can be no separation of the revelant from the irrelevant parts, when the relevant parts can be separated from the irrelevant this must be done and that part, only, of the confession admitted which is material to the issues on trial."

Although the statement of defendant concerning the commission of other crimes by him, made in the present case, was made voluntarily and was part of "The entire narration of defendant, bearing upon the crime with which he was charged, . . ." (Commonwealth v. Weston, supra, page 389), and was part of the narrative of what defendant had said to the witness (Com-

monwealth v. Fiorentino, supra, page 262), nevertheless, it was made in connection with the statement that he denied having anything to do with the crime with which he was charged. The portion of the conversation which was plainly admissible, as it was a statement made by defendant, which in connection with other evidence helped establish the Commonwealth's contention of guilt, was in itself a negative statement, in that, defendant denied having possession of money in considerable amounts and in bills of denominations of the money stolen, stating that he had only $12, the proceeds of a $9 check and $3 in cash and a little change. The general rule that evidence of the commission of other crimes by defendant is not admissible as part of the Commonwealth's case, except in particular circumstances, is well fixed. The only theory upon which defendant's admission as to other crimes could have been admitted was that defendant's statement bearing upon the crime involved is admissible in its entirety. This was not a case in which murder was charged. The statement made was not a confession or admission of the perpetration of the offense with which defendant is charged. The statements as to the crimes committed by him were not so entangled or involved in that portion of his statement which was plainly admissible, that one part of his statement could not be intelligibly offered in evidence without the other.

From a consideration of the case herein referred to, our conclusion is that an admission by a defendant of having committed other offenses, unrelated to the offense with which he is charged, made by him in a conversation or statement concerning the crime with which he is charged and which can be separated from that part of the statement or conversation which is relevant and admissible as part of the Commonwealth's case, without impairing its intelligibility, is not admissible in evidence under the theory that the whole statement or conversation is admissible, unless the state-

ment or conversation is in fact a confession, and even then its admissibility, under that theory, is doubtful, except in a case in which murder is charged. In view of this conclusion, the statement as to other crimes committed by defendant, made by him to the chief of police, was improperly admitted and defendant is entitled to a new trial.

Now, May 23, 1947, a new trial is granted.