## Commonwealth v. Del Grande, etc., et al.

Before Milner, J., and MacNeille, P. J.

*Colbert C. McClain,* assistant district attorney, and *John H. Maurer,* district attorney, for Commonwealth.

*Thomas D. McBride,* for defendant.

MACNEILLE, P. J., January 28, 1948.—In this case there are three defendants, Domenick Del Grande, Edmund Guzik and Earl Donaldson. Guzik and Donaldson pleaded guilty and Del Grande pleaded not guilty. At the trial, on November 26, 1947, Del Grande was found guilty on all indictments.

The indictments charged defendants with robbery, burglary with intent to commit a robbery and conspiracy. In the commission of the robbery of the jewelry store at 126 South Eighth Street in the City of Philadelphia, not only was there robbery, but the proprietor of the jewelry store and an associate in business were brutally beaten.

The evidence disclosed that Del Grande was not present at the robbery. He was brought into the case entirely by the testimony of Guzik who had planned the robbery. Donaldson did not know Del Grande and had never met him. Donaldson, a young man, a sailor, met Guzik one night before the robbery when he became acquainted with him at the USO recreation ground on the Reyburn Plaza. Guzik then engaged Donaldson to join with him the next morning for the purposes of the robbery. A long time prior to that, however, it is apparent that Guzik planned this robbery in great detail. This he admits, but contends that many of the details were worked out for him by Del Grande. Thus Del Grande's conviction was due entirely to the testimony which Guzik gave at Del Grande's trial. If Guzik's story is true, he was an accomplice, and, under the circumstances of this case, in view of the fact that it is always dangerous to rely upon the testimony of an accomplice, we feel that the evidence is not so clear, convincing, credible and overwhelming that it permits us to say that an error in the case which might be to Del Grande's detriment would be harmless.

It is contended by Del Grande's counsel that there was an error which seriously affected Del Grande's rights. Character witnesses had been called for Del Grande, and he took the stand in his own behalf. The cross-examining district attorney interrogating Del Grade asked if he had ever been arrested. This was objected to by Del Grande's counsel. The objection was sustained by the court and the court warned the jury that such a question was improper under the circumstances, as an arrest was something to which anybody could be subjected and was not in itself evidence of guilt. Del Grande's counsel then moved to have a juror withdrawn, which the court refused.

The question which we have to decide is whether or not under such circumstances the warning to the jury was sufficient to protect and preserve Del Grande's

rights, or was he prejudiced in the trial to such extent that the juror should have been withdrawn.

It is clear that the question propounded by the district attorney was improper. Evidence of a prior arrest of the accused, without proof of conviction, is not relevant evidence for any purpose. See Commonwealth v. John Jones, 355 Pa. 594.

It is true that when defendant in a criminal prosecution offers evidence of good character, he may be cross-examined as to his conviction of some specific offenses, other than the one he is being tried for, which bear on his credibility, but it is error to allow cross-examination as to arrests not resulting in conviction or as to offenses which do not affect his credibility. See Commonwealth v. Wiswesser, 124 Pa. Superior Ct. 251.

The evidence was not clear, convincing or overwhelming, and the question as to defendant's prior arrest was not only improper but was prejudicial error which was not cured by the warning to the jury. See Commonwealth v. Blose, 160 Pa. Superior Ct. 165.

Wherefore, motion for a new trial of defendant, Domenick Del Grande, is granted.