J-S47019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AUSTIN WALKER | : | |
| | : | |
| Appellant | : | No. 1456 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 26, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002234-2023

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED AUGUST 27, 2025**

Austin Walker appeals from the judgment of sentence imposed following revocation of his probation for technical violations.  Originally, he challenged the discretionary aspects of his new revocation sentence claiming it was excessive.  Upon review, we affirmed.  Walker sought reconsideration of our decision claiming we failed to consider the implications of **Commonwealth v. Berry**, 323 A.2d 641 (Pa. 2024), which our Supreme Court decided while his appeal was pending.  We granted reconsideration and withdrew our earlier decision.  Upon further review, we affirm.

The relevant factual and procedural history follows.  On the night of January 16, 2023, Walker, while intoxicated, broke into his wife's home in Philadelphia by kicking in the back door.  Walker entered her home.  When police arrived and attempted to take him into custody, he resisted, attempted

to punch the officers, and disregarded their commands. He was arrested and charged with several offenses.

On July 19, 2023, Walker entered a negotiated guilty plea for criminal trespass.[1] The trial court sentenced him to 3 years' probation. The court also imposed the following probation conditions: a stay away order against his wife; supervision by the domestic violence unit of the probation department, which required that Walker attend batterer's intervention treatment; a mental health evaluation; and a drug and alcohol assessment. A protection from abuse ("PFA") order was entered against Walker, which coincided with his period of probation.

Following his sentence, Walker reported to probation on August 15, 2023. At that time, he tested positive for cocaine. He was to report again on September 13, 2023, but failed to do so. Walker absconded.

The probation department attempted several times to contact Walker but was unable to reach him. Consequently, on October 17, 2023, a warrant was issued. Walker was picked up on December 4, 2023, when he was arrested for another domestic violence incident which included contempt of the PFA, terroristic threats, stalking, simple assault, and resisting arrest.

_____

[1] 18 Pa.C.S.A. § 3503(a)(1)(ii). The remaining charges were dismissed.

Subsequently, the probation department sought to revoke his probation for technical violations.[2]  In addition to failing to report and absconding, Walker failed to attend the batterer's intervention treatment and obtain other required assessments.  As a result, the probation department sought revocation of Walker's probation and sentence of incarceration.

On April 26, 2024, the court held a violation of probation ("VOP") hearing and found that Walker violated his probation which warranted a sentence of total confinement.  That same day, the VOP court resentenced Walker to 1½ to 3 years' incarceration and ordered drug treatment.  Walker filed a post-sentence motion, which the court did not decide.

Walker filed this timely appeal.[3]  He and the trial court complied with Appellate Rule 1925.

On appeal, Walker raises the following issue:

Did the [VOP] court abuse its discretion in sentencing [] Walker to one-and-one-half to three years' incarceration for a first, technical violation of his probation where such an extended period of total confinement was manifestly excessive under the circumstances?

_____

[2] Originally, the request to revoke Walker's probation included charges for a violation of the PFA order and new criminal charges.  However, those charges were dismissed and the matter proceeded solely based on his technical violations.

[3] The VOP court claimed that the appeal was premature since it had not yet decided Walker's post-sentence motion.  Trial Court Opinion, 7/8/24, at 2 n.2.  However, as Walker noted, the filing of a post-sentence motion does not toll the appeal period for a probation revocation sentence.  Pa.R.Crim.P 708(E).  Accordingly, Walker had to file his appeal within 30 days of his sentencing or risk that it be quashed as untimely.

- 3 -

Walker's Brief at 2.

Walker challenges the discretionary aspects of his VOP sentence. A challenge to the discretionary aspects of a sentence, following probation revocation, does not entitle an appellant to review as of right; rather, the appellant must petition this Court for permission to appeal. *See Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008). Before reaching the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042-43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013).

Here, Walker satisfied the first three requirements under *Colon*. Accordingly, we must determine whether he raised a substantial question.

In his Rule 2119(f) statement, Walker claims that the trial court abused its discretion by imposing an excessive sentence of total confinement following revocation of probation for a first violation based solely on technical violations. He further maintains that the court did not consider his rehabilitative needs or relevant mitigating factors. Walker's Brief at 6.

The imposition of a sentence of total confinement after revocation of probation for a technical violation, and not a new criminal offense, implicates the "fundamental norms which underlie the sentencing process" and therefore raises a substantial question. ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010); ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006) (claim that probation revocation sentence was excessive considering its underlying technical violations can present a question that this Court should review). Additionally, "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors [or rehabilitative needs]—raises a substantial question." ***Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*). Therefore, we will address Walker's sentencing claim.

This Court has stated:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. [U]pon revocation [of probation] ... the trial court is limited only by the maximum

sentence that it could have imposed originally at the time of the probationary sentence.

***Colon***, 102 A.3d at 1044 (quotations and citations omitted). A sentence should not be disturbed where it is evident the court was aware of the appropriate sentencing considerations and weighed them in a meaningful fashion. ***Commonwealth v. Fish***, 752 A.2d 921, 923 (Pa. Super. 2000). Additionally, where probation has been revoked, a sentence of total confinement may only be imposed if:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).[4] In all cases where the trial court resentences an offender following revocation of probation, the trial court must place its reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b); ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1040–41 (Pa. Super. 2013). "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Crump***, 995 A.2d at 1282–1283.

---

[4] The law was amended effective June 11, 2024, which renders these criteria inapplicable. However, because Walker's VOP hearing occurred prior to the amendment's effective date, we apply this version of the statute.

This Court has held that, "[t]echnical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate [a resistance] to reform." ***Commonwealth v. Carver***, 923 A.2d 495, 498 (Pa. Super. 2007). "[A] trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him." ***Commonwealth v. Pasture***, 107 A.3d 21, 28 (Pa. 2014).

However, we have rejected lengthy incarceration sentences imposed solely based upon technical violations of probation on grounds of unreasonableness. ***Commonwealth v. Williams***, 69 A.3d 735 (Pa. Super. 2013); ***Commonwealth v. Parlante***, 823 A.2d 927 (Pa. Super. 2003). Given this Court's highly deferential standard of review, such relief should be afforded only in rare cases. ***Commonwealth v. Walls***, 926 A.2d 957, 964 (Pa. 2007).

In his sole issue, Walker claims that the VOP court abused its discretion when it imposed an excessive sentence of confinement. According to Walker, although a sentence of incarceration may have been warranted, the VOP court should not have sentenced him to a "substantial" state prison sentence for a first violation. Specifically, Walker argues that his violations were only technical and that he took substantial steps on his own toward his rehabilitation by maintaining employment, attending job training classes, and undertaking drug treatment. Walker's Brief at 9, 13. He maintains that our courts have vacated excessive state sentences based on only technical

- 7 -

violations. Additionally, Walker argues that, if his hearing occurred six weeks later, his sentence would have been capped at fourteen days' incarceration under 42 Pa.C.S.A. section 9771(c), which now limits the length of a probation revocation sentence of total confinement for technical violations. Walker maintains that this is persuasive authority demonstrating that his sentence is excessive. *Id.* at 7, 13-14. According to Walker, this Court should vacate his sentence. *Id.* at 8. We disagree.

Here, the VOP court found that Walker violated **multiple** conditions of his probation. As a result, the court sentenced him to 1½ to 3 years' incarceration. In imposing a sentence of total confinement, the VOP court explained that it was warranted for several reasons. First, the court found that Walker was likely to commit another crime. The court noted that Walker's positive drug screen for cocaine indicated that he had possessed an illegal substance. VOP Court Opinion, 7/8/24, at 5-6. Possession of a controlled substance while on probation shows that a defendant is likely to commit another crime (and in fact has). **Malovich**, 903 A.2d at 1254.

Further, the court observed that Walker violated the PFA order and the court's stay away order, while on probation; both orders pertained to his wife. The court also observed that this resulted in Walker being arrested for domestic violence. **See** Trial Court Opinion, 7/8/24, at 6. The court noted that the continuing nature of Walker's antisocial behavior also suggested that he was likely to commit future offenses unless confined. **Id.** 6-7.

- 8 -

The court also found that Walker was not amenable to supervision. ***Id.*** 6. The court observed that the purpose of a VOP hearing is to "determine whether probation remains rehabilitative and continues to deter future antisocial conduct." ***Commonwealth v. Holder***, 805 A.2d 499, 504 (Pa. 2002). At his VOP hearing, the court told Walker that his prior probation sentence was an opportunity for him. However, instead of taking advantage of it, Walker failed to make any positive rehabilitative efforts and demonstrated a clear pattern of antisocial conduct. ***See*** N.T., 4/26/24, at 24-25. In particular, the court found that Walker's actions by absconding were flagrant and demonstrated his inability to reform and lack of remorse. Consequently, the court found that probation was not a viable means to rehabilitate Walker and deter antisocial behavior. VOP Court Opinion, 7/8/24, at 6.

Lastly, the court indicated that a sentence of total confinement was necessary to "vindicate the authority" of the court given appellant's willful non-compliance with probation, rules, and court orders. In particular, the court noted the flagrant nature of Walker's actions by absconding. ***Id.*** Walker blatantly disregarded the terms of his probation almost immediately after he was sentenced. This continued for almost 4 months. A sentence of imprisonment for a defendant who absconded is essential to vindicate the court's authority. ***Commonwealth v. Ortega***, 995 A.2d 879, 884 (Pa. Super. 2010).

Therefore, the court's sentence of total confinement was appropriate.

Additionally, the length of Walker's sentence was not unreasonable.[5] Here, the standard range, minimum sentence was 3 to 14 months' incarceration, plus or minus 3 months. The court's minimum sentence of 18 months was one month outside the aggravated range. However, as the VOP court indicated, the maximum sentence for criminal trespass, a second-degree felony, is 5 to 10 years' incarceration. **See** 18 Pa.C.S.A. § 1103(2). Walker's sentence of 1½ to 3 years was well below the sentence the court originally could have imposed.

Further, we acknowledge that the Legislature adopted new limitations for probation violation sentences based on technical violations. 42 Pa.C.S.A. § 9771(c). However, as Walker recognizes, these rules were not in effect at the time of his VOP sentencing and, therefore, do not apply to him. Moreover, this change in the law does not persuade us that Walker's sentence was excessive.

A review of the VOP sentencing transcript reveals that the VOP court considered the factors under section 9771(c), discussed above, and the general principles of sentencing in fashioning Walker's sentence. Specifically, it considered the circumstances of this case, the information provided by the supervising probation officer; arguments of the Commonwealth and defense

---

[5] For a technical violation resulting in the revocation of an order of probation, the resentencing guidelines shall be the same as the initial sentencing guidelines, pursuant to 204 Pa. Code Chapter 303 (relating to sentencing guidelines, 7th edition), with consideration given to any service of the original sentence." 204 Pa. Code § 307.3.

counsel, and, significantly, Walker's rehabilitative and treatment needs. Walker's conduct while on probation weighed heavily in determining Walker's sentence as did the court's desire to ensure that Walker received the help he needed. N.T., 4/26/24, at 25-26.

Walker argues nonetheless that, based upon **Parlante** and **Commonwealth v. Cottle**, 426 A.2d 598, 602 (Pa. 1981), his state sentence for technical violations of his probation, should likewise be vacated. Although Walker acknowledges that he absconded, he argues that he took substantial steps toward rehabilitation which warrants a lesser sentence. We disagree.

In **Parlante**, this Court found that the trial court abused its discretion where it imposed a lengthy sentence based on a number of technical violations. There, the trial court based its revocation sentence solely on the likelihood that the defendant would violate probation again without considering that her few crimes were not violent among other important factors. While this Court agreed that the defendant should serve some prison time for her violations, we concluded 4 to 8 years was excessive. **Id.** at 930-931.

Similarly, in **Cottle** the court imposed a maximum sentence of confinement based solely on Cottle's failure to report. Despite his failure to report, Cottle took significant steps to rehabilitate himself which was the goal. Because this had been accomplished and there was no basis for a sentence of total confinement, incarceration would have been more punitive than

rehabilitative. Thus, our Supreme Court vacated Cottle's sentence. **Cottle**, 426 A.2d at 602.

Based upon our review, the instant case does not warrant the type of relief afforded in **Parlante** and **Cottle**. As discussed above, the VOP court imposed a revocation sentence well below the maximum for **multiple** technical violations of his probation, as well as being arrested while on probation for new offenses like that of the underlying offense in this case. Furthermore, as the trial court found, Walker has not taken substantial steps towards his own rehabilitation. Thus, Walker's sentence was not "a manifestly unreasonable amount of time" as the sentence was in **Parlante**. Additionally, there were several reasons, supported by the record, why the VOP court imposed a sentence of total incarceration, unlike the circumstances in **Cottle**.

Lastly, in his motion for reconsideration, Walker argues that his sentence was illegal because the trial court improperly considered his recent arrest for multiple offenses as a sentencing factor. Specifically, he maintains that the trial court considered his arrest for various offenses, which originally served as part of the basis for his probation violation, as a sentencing factor, but which the Commonwealth ultimately dismissed. In support of his position, he relies on **Commonwealth v. Berry**, 323 A.3d 641 (Pa. 2024). Walker further maintains that, because this issue pertains to the legality of sentence, which can be raised anytime, we can consider his claim even though he did not raise it with the trial court. Therefore, according to Walker, this Court

should vacate his sentence and remand for resentencing. Walker Supp. Brief at 4-5. We disagree.

In **Berry**, after the defendant was convicted of several crimes, the trial court sentenced him to a term of incarceration outside the sentencing guidelines. The court based this sentence, in part, on the defendant's prior arrests which did not result in any convictions. The defendant challenged his sentence claiming that reliance on his arrest history was improper and appealed to this Court; we affirmed his sentence. On further appeal, our Supreme Court held that "[t]he court's use of arrest history as a sentencing factor is incompatible with settled law establishing that arrests, without convictions, simply 'have no value as probative matter.'"[6] **Berry**, 323 A.3d at 655 (quoting **Commonwealth v. Jones**, 50 A.2d 342 (Pa. 1947). Consequently, the Court vacated the defendant's sentence and remanded for resentencing. However, for the reasons set forth *infra*, we do not reach the issue of whether the holding in **Berry** applies to merits of the instant case.

---

[6] Notably, the High Court further stated that, regarding the defendant's arrest record, the trial court did not indicate that

> it considered anything other than the fact of prior arrests. Whether and to what extent the sentencing court is permitted to rely upon evidence in the record other than a record of arrests is beyond the scope of this appeal.

*Id.* at 655-56. Therefore, the Court did not consider the parties' arguments about "a trial court's consideration of a prior arrest where the facts underlying that arrest are established by a preponderance of the evidence." *Id.* at 656.

- 13 -

Recently, this Court held that a sentencing court's consideration of a defendant's arrest history when sentencing a defendant does not present an issue regarding the legality of the sentence. **Commonwealth v. Davis**, ___ A.3d ___, 2025 WL 2045950 (Pa. Super. 2024). There, the defendant, like Walker, claimed that the trial court improperly relied on his prior arrest history when it sentenced him. The defendant further claimed, as Walker does, that this rendered his sentence illegal and cited **Berry**. The **Davis** Court disagreed and stated: "Our Supeme Court in **Berry**, . . . made clear that Berry had challenged the discretionary aspects of [his] sentence." The Court further explained that characterizing a court's consideration of an impermissible factor, *i.e.*, as one pertaining to the legality of sentence was "contrary to decades of case law holding that a claim [that] a sentencing court relied on impermissible factors in imposing a sentence presents a challenge to the discretionary aspects of a sentence." **Id.** at 2.

The **Davis** Court further noted that consideration of an impermissible sentencing factor did not fall within the limited categories of cases which relate to a court's **legal authority** to impose a particular sentence, which are:

> (1) a claim that a sentence was imposed pursuant to a facially unconstitutional sentencing statute; (2) a sentence was imposed without the fulfillment of statutory preconditions to the court's sentencing authority; (3) claims that allege a violation of a substantive restriction that the Constitution places upon a court's power to apply the statutory sentence to the defendant; and (4) the statutory support for the underlying conviction is void *ab initio*.

*Id.* at 3 (quotations omitted) (quoting ***Commonwealth v. Prinkey***, 277 A.3d 554, 562-63 (Pa. 2022)).

Therefore, the ***Davis*** Court concluded that consideration of the defendant's arrest history did not fall into any of these categories relating to the court's authority to impose sentence. Instead, the defendant's claim related to the exercise of discretion and his claim challenged the discretionary aspects of his sentence. ***Davis***, ___ A.3d ___, 2025 WL 2045950 at 3. However, because the defendant failed to include an Appellate Rule 2119(f) statement in his brief and the Commonwealth objected, the Court found that he waived his issue and affirmed his sentence. ***Id.***

Following ***Davis***, we initially conclude that Walker's claim that the trial court relied on his arrest record, *i.e.*, an impermissible factor, relates to the court's exercise of discretion, and not its legal authority to impose a sentence. Therefore, Walker's sentencing claim that the trial court impermissibly considered his arrest history challenges the discretionary aspects of his sentence, and not the legality of it.

As discussed above, appellate review of a discretionary aspects of sentence claim is not absolute and certain criteria as set forth in ***Colon*** must be satisfied before we will consider it.

Here, a review of the record reveals that Walker did not raise this issue (*i.e.*, that the court improperly relied on his arrest record) with the trial court, and therefore, he failed to preserve it. To preserve a discretionary aspects of sentence claim, an appellant must raise the issue at sentencing or in a post-

sentence motion. ***Commonwealth v. Shugars***, 895 A.2d 1270, 1273, 1274 (Pa. Super. 2006). "Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Malovich***, 903 A.2d at 1251 (citations omitted); ***see also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Walker did not claim in his post sentence motion that the trial court impermissibly considered his arrest history. Instead, as on appeal, he only claimed that the trial court improperly sentenced him to incarceration based only on technical violations and that his sentence was excessive. Walker also did not orally object to his sentence at the hearing before the trial court. In fact, Walker acknowledges that he did not raise this claim with the trial court. Accordingly, Walker waived this claim, and we will not address its merits.

In sum, we conclude that the trial court did not abuse its discretion in imposing Walker's VOP sentence as his sentence was not manifestly excessive or unreasonable under the circumstances of this case.

Judgment of sentence affirmed.

Judge Beck joins. Judge Sullivan notes dissent.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/27/2025