# Commonwealth *v.* Oefinger, Appellant.

*Criminal law—Murder—Remarks of district attorney.*

1. On a murder trial it is not error to refuse to withdraw a juror because the district attorney referred to defendant as a "man of the world," where it appears that he was known by three different names, and at the time of the killing was living unlawfully with a woman not his wife whom he had shortly before met.

*Criminal law—Murder—Reference to failure of defendant to testify—Act of May 23, 1887, P. L. 157.*

2. The district attorney on a trial for murder committed during the robbery of a store cannot be charged with violating the Act of May 23, 1887, P. L. 158, which forbids reference to failure of a defendant to testify, by remarking that defendant's counsel at the end of a two-hour speech had not denied the presence of defendant at the store of deceased for the unlawful purpose of committing a robbery.

3. Such reference was not to defendant himself, and concerning his failure to testify, but was a legitimate argument to the jury bearing directly on the main question submitted to them.

*Criminal law—Murder—Charge—Degree—Right of jury to fix.*

4. On the trial of an indictment for murder committed in the perpetration of a robbery, the trial judge commits no error in saying to the jury "an intent to commit one of the felonies to which I have referred [rape, robbery, arson or burglary] could not be murder in the second degree"; and especially is this so where the judge in a subsequent part of the charge repeatedly tells the jury that it is their duty to fix the degree of the crime, and that they may render a verdict of not guilty or guilty of murder of the first or second degree.

Argued November 24, 1924.   Appeal, No. 354, Jan. T., 1924, by defendant, from judgment of O. & T. Phila. Co., Dec. T., 1923, No. 150, on verdict of guilty of murder of . the first degree, in case of Commonwealth v. Charles Oefinger, alias Charles Bates, alias Jack Martin.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEP-HART and SCHAFFER, JJ.   Affirmed.

Indictment for murder.   Before McDEVITT, J.

. The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree on which judgment of sentence was passed.   Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Thomas E. Cogan,* with him *Harold B. Bornemann,* for appellant, cited, as to remarks made by assistant district attorney: Com. v. Polichinus, 229 Pa. 311; Com. v. Williams, 41 Pa. Superior Ct. 326; Com. v. Bruner, 11 Pa. C. C. R. 428; Com. v. Foley, 24 Pa. Superior Ct. 414; Com. v. Brown, 16 W. N. C. 557; Com. v. Green, 233 Pa. 291; Com. v. Chickerella, 251 Pa. 160.

As to trial judge's charge: Com. v. Frucci, 216 Pa. 84; Rhodes v. Com., 48 Pa. 396; Com. v. Sheets, 197 Pa. 69; Com. v. Divomte, 262 Pa. 504.

*Charles F. Kelley,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee.— If the facts are in evidence which prove or tend to prove that defendant is a bad character, it is not error for the prosecuting attorney to employ epithets, although abusive, in referring to him: Com. v. Sarves, 17 Pa. Superior Ct. 407; Com. v. Rothensies, 256 Pa. 337.

The following alleged abusive remarks have been held not erroneous: (a) seller of liquors in a dive: State v. McLoughlen, 149 Mo. 19, 50 S. W. 315; (b) tramp: Anderson v. State, 147 Ind. 445, 46 N. E. 901; (c) self-confessed thief: Haupt v. State, 108 Ga. 53, 34 S. E. 313, 75 Am. S. R. 19; (d) infamous scoundrel: State v. Summar, 143 Mo. 220, 45 S. W. 254; (e) liar: Miller v. State, 47 Tex. Cr. 329, 83 S. W. 393; (f) drunken sot: GeBurk v. Com., 153 Ky. 264, 166 S. W. 381; (g) brute: State v. Riggio, 124 La. 614, 50 S. 600; People v. Lambert, 144 Mich. 578, 108 N. W. 345; State v. Allen, 174 Mo. 689, 74 S. W. 839; (h) murderer: State v. Jones, 249 Mo. 80, 155 S. W. 33.

The assignments complaining of the trial judge's instructions are without merit: Johnson v. Com., 115 Pa. 369, 396; Com. v. Payne, 242 Pa. 394; Com. v. Webb, 252 Pa. 187; Com. v. Russogulo, 263 Pa. 93; Shaffner v. Com., 72 Pa. 60; McMeen v. Com., 114 Pa. 300.

OPINION BY MR. JUSTICE FRAZER, January 5, 1925:

Defendant, with a young woman companion, entered the store of Louis Hirsh, at 1823 Market Street, in the City of Philadelphia, admittedly for the purpose of committing robbery, and while attempting to "hold up" the proprietor, the latter in endeavoring to escape by running toward the street, was shot by either defendant or his companion, and wounded to such extent that he died six days later. Defendant and his companion each accused the other of having fired the shot. There can be no doubt but that the crime was committed by defendant or his companion while attempting to rob either the store or its

proprietor. The only questions argued on this appeal concern the refusal of the trial judge to withdraw a juror owing to remarks made by the district attorney, and alleged errors in the charge.

In the course of his address to the jury the district attorney referred to defendant as a "man of the world." This language was objected to as being an improper attempt to prejudice or influence the jury without evidence to sustain it. Under the facts, the remark cannot be fairly objected to as improper. Defendant was known by two other names. He admitted living at the time unlawfully with a woman not his wife, whom he met in Philadelphia a short time before the crime was committed. Designating defendant as a "man of the world," under the circumstances, was not a departure from the bounds of legitimate argument, if indeed it was not complimentary in its usual acceptation, although evidently not intended to be so here.

Defendant complains that the district attorney, in the course of his address to the jury, improperly referred to the failure of defendant to testify in his own behalf. The prosecuting officer contends his remarks are not capable of such construction, and that what he actually said was that defendant's counsel, at the end of a two-hour speech, did not deny the presence of defendant at the store of deceased for an unlawful purpose, namely, to commit robbery. The trial judge understood the language used to be as indicated by the district attorney. It thus appears that the reference was not to the defendant himself, and concerning his failure to testify, but a legitimate argument to the jury bearing directly on the main question submitted to them, to wit, whether the homicide was committed while defendant was in the act of robbing the store or its proprietor. A somewhat similar reference by the trial judge to the failure of defendant to contradict the facts presented by the Commonwealth was held no cause for reversal in Com. v. Chickerella, 251 Pa. 160. In that case we said, page 163:

"The case was submitted without argument, and, in his charge to the jury the learned trial judge said: 'You have listened to the testimony with patience and it has been very direct and been delivered with much detail so that all the facts developed in the case must be clear before your mind. There has been no dispute as to the facts; that is to say, the defense has not made any denial of the testimony as offered by the Commonwealth. And with that in view, it will not be necessary for us to go into detail in analyzing the testimony in order to aid you in determining the question at issue.' It is urged that this was error, as it was in violation of section 10 of the Act of 1887, P. L. 158, which prohibits any adverse reference by counsel or court to the failure of defendant in a criminal case to offer himself as a witness. There is no reference in that portion of the charge complained of by the first assignment to the failure of either defendant to testify on his own behalf. All the court said and all that it intended to say was that the facts as presented by the Commonwealth had not been contradicted, and it would be a severely strained construction of the Act of 1887 to hold that this simple statement of the learned court was an adverse reference to the failure of the defendants to offer themselves as witnesses. The jury could not have so understood it."

The trial judge, in the course of his charge to the jury, stated that "an intent to commit one of the felonies to which I have referred [rape, robbery, arson or burglary] could not be murder in the second degree." It is contended this took from the jury their statutory right and duty to fix the degree of guilt. The language objected to was used by the court in connection with a discussion of the distinction between murder of the first and second degree under the statute. The court used substantially the language of the statute itself which provides, inter alia, that all murder "which shall be committed in the perpetration of or attempt to perpetrate any arson, rape, robbery or burglary, shall be deemed murder of the first

degree." In a subsequent part of the charge and in answer to points the court repeatedly told the jury it was their duty to fix the degree of the crime and that they had the power to render a verdict of not guilty or guilty of murder of the first or second degree.

Finding no error in the proceedings, the assignments of error are overruled, and the judgment affirmed, with directions that the record be remitted to the court below for the purpose of execution.