Commonwealth *v.* Clark, Appellant.

Argued May 11, 1936. Before KEPHART, C. J., SCHAF-FER, MAXEY, LINN, STERN and BARNES, JJ.

*J. Quint Salmon,* with him *Lawrence H. Stern,* for appellant.

*R. E. McCreary,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 26, 1936:

William Clark, appellant, was indicted for the murder of Ernest Ferguson. The jury found him guilty of murder in the first degree, imposing the death penalty. Clark, a laborer, was employed in the construction of a dam at the time of the commission of the crime. He had been cohabiting with one Myrtle Hill for a little over two years. The evidence shows that he was an industrious man who worked whenever he could secure employment, and it does not appear that he had previously ever been convicted of a crime of violence. The deceased, Ernest Ferguson, was a stranger in the locality and had been known to Clark and witnesses for less than a week prior to his death. He claimed to be a spiritualist and predicted "numbers." So far as the record shows he had no other occupation. During the time he was in the neighborhood, he had been daily in the company of Myrtle Hill.

Ferguson, Myrtle Hill and Clark were drinking together in a speakeasy on the night of the shooting. Clark asked Myrtle Hill to leave with him. She refused, whereupon he left the room, obtained a shotgun belonging to the husband of the proprietress of the place, and in a short interval returned and shot Ferguson, who died instantly. There is no evidence that appellant planned the killing or made any preparations until the moment he

left the room, and there is nothing to indicate a sordid or mercenary motive. He testified that he had been doped by Ferguson and was unaware of the shooting. The theory of the prosecution was that he killed Ferguson because of jealousy over Myrtle Hill.

Appellant contends that the court below erred in refusing to grant a new trial on the ground that evidence of his altercations with Myrtle Hill and of his prior convictions for minor offenses were improperly admitted in aggravation of the penalty, and that the district attorney made remarks of prejudicial character. He further argues that under all the evidence contained in the record the death penalty is excessive and should be modified by this court if a new trial is not granted.

The district attorney elicited from Myrtle Hill that on two occasions appellant, without apparent provocation, had subjected her to physical mistreatment. One of these alleged attacks occurred almost a month prior to the shooting, while the other happened over a year before. It is apparent that they were in the nature of family altercations, growing out of domestic disagreements, which never reached the courts. They had no relation whatever to the killing or the occurrences leading up to it, nor any possible connection to appellant's guilt or innocence of the crime on trial. They did not show a homicidal tendency or corroborate any of the elements of this homicide. His conduct and motives on these occasions had no probative value as to his mental state when he shot Ferguson. The Commonwealth states the testimony was offered to show "the savage nature of the defendant so that the jury could properly exercise its discretion" in fixing the penalty. Even for this purpose, its admission was clearly erroneous, since he was not arrested or convicted for these assaults. This testimony no doubt had a prejudicial effect on the jury in determining appellant's guilt and, to a greater extent, in determining the punishment.

To aid the jury in fixing the penalty it was brought out that the accused had been imprisoned at one time in New York for 30 days on a charge of drunkenness, and that on another occasion he was in a reformatory. Both these confinements occurred several years ago. The court below held these prior convictions were proper matters to be considered by the jury in aggravation of the penalty under the Act of May 14, 1925, P. L. 759. This conclusion shows a clear misapprehension of the character of evidence admissible to guide the discretion of the jury in imposing sentence. In *Com. v. Williams,* 307 Pa. 134, we pointed out that such evidence must be strictly limited, and should only be admitted where the accused is an habitual criminal of the type who kills for mercenary purposes or where the killing is the result of sordid passion. Under such circumstances, the evidence is to aid the jury in determining whether the death penalty should be inflicted for the protection of society. The records of prior convictions should be limited to cases involving professional criminals who are a menace to society and wage war upon it for profit, and to cases of those who commit murders of a cold-blooded and atrocious nature. We emphatically stated at page 152: "In no case should a record of such criminal acts such as pickpocketry, adultery, embezzling, perjury, or others of a similar nature be used in aggravation of the penalty." The convictions in this case concerned crimes of a minor nature, though we do not know the character of the offense for which appellant was sent to the reformatory. There is no evidence that he was an habitual and hardened criminal, or that he acted in pursuance of a mercenary or sordid motive. The admission in evidence of these prior offenses was plainly error.

The district attorney who tried the case made the following statement in his closing argument to the jury: "Why send him [the defendant] to the penitentiary where he will be provided with shoes, with clothing, and if he has a toothache, a professional man to take care of

him?" This overstepped the proper limits of permissible argument by a prosecuting officer. We have not reached the stage where men should be sent to the electric chair in order to avoid the expense of keeping them in the penitentiary. The defendant was on trial for his life and should not have had his cause prejudiced by intemperate remarks calculated to prejudice the jury and warp their judgment by the thought of the expense to the Commonwealth which would affect them as taxpayers. The remark was clearly error. See *Commonwealth v. Williams, supra,* at page 152. The district attorney who tried this case has been succeeded in office by the one who represents the Commonwealth on this appeal, and we refrain from commenting on the other remarks made to the jury; when the case is retried they should not be repeated.

We do not pass on the question whether this court has the power to modify a death sentence imposed by a jury which is excessive and unwarranted by all the evidence.

Judgment reversed and a venire facias de novo awarded.