**UNITED STATES of America ex rel. Walter John LOWRY**

v.

**Charles DAY, Warden, Eastern State Penitentiary, Graterford, Pennsylvania.**

**No. M-1734.**

United States District Court E. D. Pennsylvania.

Feb. 3, 1956.

**880**

Harry R. Back, Philadelphia, Pa., for relator.

KRAFT, District Judge.

This petition for writ of habeas corpus, to which the affidavit was taken August 31, 1955, was filed December 1, 1955. Since the petition did not provide sufficient information upon which to make decision, petitioner's counsel was, on December 15, 1955, orally directed to submit a memorandum of authorities on which reliance was had, together with a copy, if available, of the record printed on petitioner's appeal to the Supreme Court of Pennsylvania. Petitioner's counsel having failed to comply with the oral direction, a written direction to the same effect was sent petitioner's counsel on January 11, 1956. A letter was received from counsel January 16 promising prompt compliance and on January 23 another letter from counsel was received enclosing a copy of petitioner's petition for writ of certiorari to the Supreme Court of the United States. Neither the requested memorandum of authorities nor the copy of the record on petitioner's appeal to the Supreme Court has yet been furnished this Court.

These facts have delayed until now disposition of the petition.

Petitioner was found guilty of murder of the first degree by a jury which fixed the penalty at life imprisonment. After sentence, petitioner appealed to the Supreme Court of Pennsylvania which affirmed the judgment and sentence.[1] Thereafter the Supreme Court of the United States denied petitioner's petition for writ of certiorari.[2] Both the appeal and the application for certiorari raised the same question presented by this habeas corpus petition.

At petitioner's trial evidence of his conviction of prior unrelated crimes was admitted for the limited purpose of assisting the jury to fix the penalty, if the jury should determine from the evidence, excluding that of prior convictions, that petitioner was guilty of first degree murder. The duty of fixing the penalty in such case is imposed on the jury by statute.[3] Though many eminent jurists have doubted the wisdom of admitting evidence of conviction of prior unrelated crimes in a murder trial as an aid to the jury in determining the penalty upon a conviction of murder of the first degree, the Pennsylvania Supreme Court has repeatedly held such evidence to be admissible for that limited purpose [4] under the statute now in effect and its predecessor.[5] Despite criticism and suggestions of suitable alternatives no amendatory legislation has been enacted nor has the Supreme Court held the admission of such evidence, so limited, to be a denial of due process.

Petitioner contends, however, that after the evidence of his conviction of prior crimes was admitted for that permissible limited purpose, the district attorney recommended, in closing argument, that the jury fix the penalty at life imprisonment. The district attorney had the right so to recommend, though the jury had no duty

1. Commonwealth v. Lowry, 374 Pa. 594, 98 A.2d 733.

2. 347 U.S. 914, 74 S.Ct. 479, 1070.

3. Act June 24, 1939, P.L. 872, § 701, 18 P.S. § 4701.

4. Commonwealth v. Williams, 307 Pa. 134, 160 A. 602; Commonwealth v. Holley, 358 Pa. 296, 56 A.2d 546; Commonwealth v. Simmons, 361 Pa. 391, 65 A.2d 353; Commonwealth v. DePofi, 362 Pa. 229, 66 A.2d 649.

5. Act May 14, 1925, P.L. 759.

to adopt that recommendation. The trial judge evidently did adopt the recommendation and told the jury that, as he viewed the evidence, there could be one of two verdicts—murder of the first degree with life imprisonment or not guilty. In effect, the charge of the trial judge removed the death penalty from the jury's consideration, if the jury found petitioner guilty of murder of the first degree. Though this instruction appears to have invaded the province of the jury upon the question of penalty, it was harmless error as it affected petitioner because, if the jury believed itself bound by the instruction, petitioner was freed thereby from the possibility of imposition of the death penalty. The trial judge was most careful, however, to stress that the evidence of prior crimes was neither offered nor admitted for the purpose of influencing the jury in its determination of guilt or innocence, had no place in the trial for that purpose and was to be considered only if the jury arrived at the point where it became necessary to determine the penalty.

Petitioner's position, analyzed in its true light, is that if the district attorney, in his closing argument, had requested the death penalty or had remained silent about penalty and if the trial judge left the penalty to the jury, irrespective of the views of the district attorney, no right of petitioner would have been violated, but that the district attorney's recommendation of life imprisonment in his closing argument and the judge's instructions limiting the penalty rendered inadmissible the previously admitted evidence of prior crimes and so deprived petitioner of his rights. The rights of the petitioner were adequately protected by the careful instructions of the trial judge limiting the effect of the evidence of prior crimes. The beneficial limiting instruction on penalty, to which petitioner was not entitled, neither diminished the adequacy of the protection afforded nor created the necessity for further or different protection of petitioner's rights.

Now, February 3, 1956 it is ordered that petition be and is dismissed.