## Commonwealth v. Breckley

*Parke H. Ulrich, Jr.*, Assistant District Attorney, for Commonwealth.

*Joseph Forbes*, for defendant.

HONEYMAN, J., November 6, 1963. — Defendant, Charles Joseph Breckley, was indicted and tried under the Act of June 24, 1939, P. L. 872, sec. 414.1, as amended December 8, 1959, P. L. 1714, sec. 1, 18 PS 4414.1, which provides that certain conduct in relation to telephone usage shall be deemed a misdemeanor, and indictable as malicious use of the telephone. Specifically, defendant was charged with making a series of lewd, lascivious and indecent telephone calls to one Grace Landis, a 37-year-old Harleysville housewife, for the purpose of annoying, molesting or harassing the aforementioned or her family. These calls, approximately 19 in number, occurred between July 10, 1962, and September 6, 1962. All were made between 10 p.m. and 4:25 a.m.

Defendant was tried before the undersigned and a jury. At the conclusion of a two-day trial, defendant was found guilty. From this verdict, motions for a new trial and in arrest of judgment were filed, alleging

errors in the admission of certain testimony and in the trial judge's instructions to the jury.

The first reason assigned by defendant in his motion for new trial is that: "1. The learned trial judge erred in admitting testimony of the Commonwealth's witness, Chief of Police Wallace Hendricks, as to the prior record of the defendant concerning telephone calls made by him in July and December, 1958. . . ."

Defendant further asserts that said record was not of a conviction of any crime in any court of record, and was too remote and irrelevant in point of time to the telephone calls in the instant case to be of any probative value.

The rules with respect to the admissibility of evidence of other crimes is very clearly and accurately set forth in Kessler on Criminal Procedure in Pennsylvania, vol. 1, at page 339, all of which are amply supported by a number of opinions from our appellate courts:

"A distinct crime, except under certain special circumstances, cannot be given in evidence against a defendant who is being tried for another crime, because the fact of the commission of one offense is not proof of the commission of another: Com. v. Wable, 382 Pa. 80; but, where there exist the special circumstances, it operates as an exception to the general rule, and then evidence of other crimes is admissible when it tends to prove a common scheme, plan or design embracing the commission of two or more crimes, so related to each other that proof of one tends to prove the commission of the others by the defendant or to establish the identity of the person charged with the commission of the crime on trial: Com. v. Evans, 190 Pa. Superior Ct. 179, affirmed 399 Pa. 387; Com. v. Darcy, 362 Pa. 259 cert. den. 338 U. S. 862; Com. v. Coles, 265 Pa. 362; Com. v. Ransom, 169 Pa. Superior Ct. 306, affirmed 369 Pa. 153 . . ."

The Commonwealth's first witness was Mrs. Landis, who testified as to the occurrences of these calls, what was said to her in general and, specifically, the highly offensive, vulgar, and somewhat unique, lewd slang expression which was repeated to her over and over on these occasions. She further testified that she positively recognized defendant's voice when selections from the telephone directory were read to her by defendant in a call arranged by investigating officers while defendant was in custody, and shortly prior to his written statement wherein he admitted making said calls.

The testimony to which defendant objects was elicited from the Commonwealth's second witness, Chief of Police Wallace Hendricks. Chief Hendricks testified that some four years prior to instant charges, namely in 1958, defendant pleaded guilty to making obscene telephone calls, in which the exact phrase, constantly repeated to Mrs. Landis, was used. Defendant thereafter went under the care of a psychiatrist for a period of one year.

In Commonwealth v. Wable, 382 Pa. 80, 84 (1955), our Supreme Court stated that:

". . . But it is also true that sometimes there exist the 'special circumstances' which operate as exceptions to the general rule, and bring the case within the equally well established principle that evidence of other crimes *is* admissible when it tends to prove a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others or to establish the identity of the person charged with the commission of the crime on trial,—in other words where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other . . ."

In the instant case, the testimony of Chief Hendricks was introduced for the purpose of identity and to show

defendant's disposition toward the commission of such an offense. Introduction of the fact that defendant on previous occasions used the exact, and somewhat unique expression he is presently charged with uttering, certainly *"tends . . . to establish the identity of the person charged . . ."* (Italics supplied.) The expression used, due to its nature, could be deemed defendant's calling card, and as such, is of as much evidentiary and probative value in the realm of identity as defendant's finger prints would have been. Based on the fact that we have before us one who previously committed the exact same act, using the exact same language, this court feels *". . . there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other . . ."* (Italics supplied.)

In Commonwealth v. Ransom, 169 Pa. Superior Ct. 306, 315 (1951), it was said that ". . . Evidence of the prior offenses committed by appellant in the same general manner could be received also to prove the identity of appellant as an inference from the similarity of method and purpose. Underhill's Criminal Evidence, §185, p. 339 (4th Ed.)."

Further:

". . . when a defendant is charged with the commission of a sexual offence the law is more liberal in admitting as proof of his guilt evidence of similar sexual offences committed by him than it is in admitting evidence of similar offenses when a defendant is charged with the commission of non-sexual crimes . . .": Commonwealth v. Kline, 361 Pa. 434, 443 (1949):

" '. . . That specific acts of misconduct have probative value in leading to a belief as to the existence of a moral trait of more or less constant nature is undoubted:' Thayer in his 'Preliminary Treatise on Evidence' (page 265) says: 'Unless excluded by some rule

or principle of law all that is logically probative is admissible in evidence' ": Page 445

Defendant contends that testimony as to the prior record of defendant concerning telephone calls made by him in 1958 was too remote and irrelevant in point of time to the alleged telephone calls in the instant case to be of any probative value. With this contention, we cannot agree. Although the prior telephone calls took place four years previously, their admission into evidence in the instant case was not for the purpose of establishing them as part of a chain, system, composite plan, or scheme, where the time factor or proximity would be relevant, but rather, said prior acts were admitted for the purpose of identity, and, for said purpose, had much probative value. Although the cases in this area do reveal that our appellate courts have deemed the time factor an important element in their determination of admissibility of prior offenses, where the purpose is to show said acts were a link in a chain or a composite plan, a diligent review of the cases fails to reveal what our appellate courts deem too remote when prior offenses are offered for the purpose of identity. The cases merely recognize that the exception to the rule prohibiting testimony as to prior offenses may be invoked when the purpose is to show a mode of operation, a prior disposition or identity. When its use is for purposes of identity, we fail to see how any prejudice to defendant is greater when the prior acts occurred a few years before the instant offense rather than a few hours or days before. The quality of the evidence tending to establish defendant's identity is the important consideration to be weighed against the resulting prejudice to defendant. In this case, we are satisfied that the evidence of defendant's prior offenses had great probative value, due to its striking similarity to the instant offense. The mere passage of time between them does not weaken or lessen its effectiveness.

Therefore, defendant's first assignment of error is found to be without merit.

Secondly, defendant asserts that the trial judge erred in charging the jury on the law of alibi as a defense. The specific comments objected to are set out as follows:

"Of course, when you are charged with a crime of this nature it is a little different, because you can make a telephone call from just about every place in the world, and so he has the burden—he doesn't have the burden in any event, because there is no burden on the defendant in a criminal case, but in seeking to establish his alibi to convince you that he didn't make these calls, or to create at least a reasonable doubt as to his guilt in your minds, he must prove to you that he was in such a situation that he couldn't have made a telephone call or calls on the dates and at the times that he is accused of making them."

Defendant contends that the aforementioned portion of the trial judge's charge to the jury concerning the burden imposed upon defendant in establishing his alibi was conveyed in such terms as to indicate to the jury that defendant was required to prove his alibi beyond a reasonable doubt.

The duty of the court in its charge with respect to the defense of alibi is set forth in Commonwealth v. Bonomo, 396 Pa. 222 (1959). Our Supreme Court in the aforementioned case held that in a criminal trial in which alibi is the defense, it is now error for the trial judge to charge that defendant has the burden of proving a defense of alibi by the fair weight or preponderance of the evidence. The court stated it is the duty of the trial judge to charge the jury that (page 231):

". . . The Commonwealth has the burden of proving every essential element necessary for conviction. If the defendant traverses one of those essential elements by evidence of alibi, his evidence will be considered by the

jury along with all the other evidence. It may, either standing alone or together with other evidence, be sufficient to leave in the minds of the jury a reasonable doubt which, without it, might not otherwise exist . . ."

Accordingly, we are unable to agree with defendant's contention. The charge contains many statements to the effect that the Commonwealth has the burden of proving every essential element necessary for a conviction. The trial judge, in the above cited portion of the charge, clearly corrected himself and stated: ". . . he [defendant] doesn't have the burden in *any* event, because there is no burden on the defendant in a criminal case . . ." (Italics supplied.)

It is an unreasonable inference to draw from such language that defendant was required to prove his alibi beyond a reasonable doubt. The only import that these words can convey is that, defendant's alibi may be sufficient to leave a reasonable doubt in the minds of the jury from which an acquittal would follow.

The trial judge in his charge left no reference to any quantum of proof necessary to establish an alibi uncorrected. Further, defendant by his sixth point for charge, which was denied, invited reversible error for said point requested that he, defendant, must prove his alibi, "by the fair preponderance of the evidence". By reason of our Supreme Court's decision in Commonwealth v. Bonomo, supra, defendant's request no longer represents the law with regard to the defense of alibi.

In Commonwealth v. Scoleri, 399 Pa. 110 (1960), wherein, inter alia, challenge was made to several portions of the trial court's charge on reasonable doubt, our Supreme Court stated, at page 127 that ". . . reversible error cannot and should not be predicated upon 'isolated excerpts' taken out of context of the court's charge if the charge as a whole and in its totality has adequately and properly covered the subject: Commonwealth v. Schurtz, 337 Pa. 405, 411, 10 A. 2d 378;

Commonwealth v. Barnak, 357 Pa. 391, 406, 54 A. 2d 865; Commonwealth v. Holley, 358 Pa. 296, 302, 56 A. 2d 546; Commonwealth v. Kloiber, 378 Pa. 412, 418, 106 A. 2d 820; Commonwealth v. Thompson, 389 Pa. 382, 395, 133 A. 2d 207. . .'' and, at page 128, that ''. . . We have examined with care the entire charge of the court on reasonable doubt: such examination, clearly and unmistakably, indicates that that which the trial court stated to the jury on reasonable doubt and its applicability to the instant case could not in any manner have either misled or confused the jury. In this respect, we are mindful of the judicial admonition in Commonwealth v. Barnak, supra (p. 419) : 'Taking an appeal in criminal cases is not a game in which the appellant wins if he can show that the trial judge fell a few degrees short of perfection in the conduct of his trial . . .' ''

*Order*

And now, November 6, 1963, defendant's motions for a new trial and in arrest of judgment are hereby denied, and defendant is ordered to appear in Court Room ''B'' of the Montgomery County Court House, Norristown, Pa., on December 9, 1963, at 1:30 p.m. to receive the sentence of this court.